COMMONWEALTH *vs.* JONATHAN A. GRANT, SECOND.

Bristol. January 9, 1998. -- February 6, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Plea, Postconviction relief, Agreement between prosecutor and defendant, Admission to sufficient facts to warrant finding, Appeal to jury session. *Constitutional Law,* Plea. *Due Process of Law,* Plea. *Rules of Criminal Procedure.*

COMPLAINTS received and sworn to in the New Bedford Division of the District Court Department on May 6, 1991, August 26, 1991, and July 28, 1992, respectively.

After entry of findings of guilty was ordered by *John A. Markey,* J., a motion to withdraw admissions to facts sufficient to warrant the findings of guilty, filed on April 22, 1996, was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Miriam Conrad* for the defendant.

*Shaun S. McLean,* Special Assistant District Attorney, for the Commonwealth.

*Elizabeth A. Lunt & William B. VanLonkhuyzen* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

GREANEY, J. This case, which we transferred to this court on our own motion, raises issues similar to those decided in *Commonwealth* v. *Lopez, ante* 657 (1998). We examine whether the

defendant's convictions in the New Bedford Division of the District Court Department of various crimes should be vacated because, as the defendant asserts, the Commonwealth has not shown that the judge conducted a colloquy concerning his admissions to sufficient facts to warrant guilty findings and his right to claim de novo jury trials. We also examine the defendant's alternate claim that he should at least be allowed the opportunity to appeal for de novo jury trials from his convictions and sentences because a mittimus for each sentence issued on the same day as his convictions in violation of G. L. c. 218, § 31, which required a one-day delay so that a defendant may consider his right of appeal.

1. The following are the pertinent facts. On May 6, 1991, a complaint was filed in the New Bedford District Court charging the defendant in separate counts with being a minor transporting or carrying alcoholic beverages; operating a motor vehicle without a license; illegal possession of a class D substance (subsequent offense); and conspiracy to violate the controlled substances laws. On August 26, 1991, a second complaint was filed in the same court charging the defendant in separate counts with being a minor transporting or carrying alcoholic beverages; carrying a dangerous weapon; and possession of an open container of alcoholic beverage. On March 13, 1992, the defendant executed a written waiver of his right to an initial jury trial as to the seven charges in both complaints.

On July 28, 1992, a third complaint was filed in the same court charging the defendant in separate counts with possession of heroin with intent to distribute; possession of heroin with intent to distribute within 1,000 feet of a school; and conspiracy to violate the controlled substances laws.

On September 15, 1992, the defendant executed another waiver of his right to an initial jury trial, pertaining this time to the ten charges in all three complaints. On the same date, the defendant admitted to sufficient facts to warrant a finding of guilty on all of the charges except the charge of possession of heroin with the intent to distribute within 1,000 feet of a school. The Commonwealth nolle prossed the latter charge. A judge accepted the defendant's admissions, found him guilty of three charges (possession of heroin with intent to distribute; unlawful possession of a class D substance [subsequent offense]; and carrying a dangerous weapon), and sentenced the defendant to three concurrent eighteen-month sentences in a house of correc-

tion. The judge ordered the defendant's convictions on the remaining six charges placed on file. The mittimus implementing each sentence issued on the same date. The defendant was represented by counsel throughout the proceedings.

On October 28, 1992, the defendant filed a motion pursuant to Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), to revoke or revise his sentences together with an affidavit supporting the motion and a motion for the appointment of counsel. The motions were considered, and denied, by the judge who had accepted the defendant's admissions and sentenced him, and the defendant completed serving his sentences.

In June, 1995, the defendant was charged in the United States District Court for the District of Massachusetts with four counts of being a felon in possession of eleven different firearms in violation of 18 U.S.C. § 922(g) (1994). On February 28, 1996, the defendant entered unconditional guilty pleas to each charge. A United States District Court judge sentenced the defendant under Federal law to an enhanced sentence of imprisonment after consideration, and application, of his State convictions.[1]

On April 22, 1996, the defendant, now represented by an attorney from the Federal Defender Office, filed a motion to withdraw his admissions under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), with respect to the three New Bedford District Court convictions on which he had been sentenced. The motion was accompanied by an affidavit signed by the defendant, which drew attention to his enhanced Federal sentence, and made the following claims with respect to his admission to sufficient facts on September 15, 1992:

> "[1] The judge did not question me about whether my admission to sufficient facts was voluntary, nor did the judge ask me questions about whether, in not appealing to the jury session, I was acting voluntarily.

> "[2] The judge did not explain to me the rights I was giving up by admitting to sufficient facts and by not appealing to the jury session.

---

[1] The defendant was sentenced under Federal law as an armed career criminal to a mandatory minimum sentence of fifteen years. In the event that the armed career criminal finding was erroneous, the judge imposed an alternate sentence of fifteen years. See *United States* v. *Grant*, 114 F.3d 323, 325 (1st Cir. 1997) (sentence affirmed).

"[3] Although I was sentenced to more than six months in the house of corrections [*sic*], I was not told that I had 24 hours to exercise my right to appeal to the jury session, nor was I brought back to court within 24 hours to give me the opportunity to exercise that right."

The defendant's motion was also accompanied by an affidavit of a paralegal that the case files in the New Bedford District Court involving the charges against him contained an unsigned form entitled "Waiver of Right to Appeal," which included the information noted below.[2] The affidavit also states that the tape recordings of the proceedings conducted in the New Bedford District Court on September 15, 1992, had been erased, presumably pursuant to Rule 211 (A) (4) of the Special Rules of the District Courts (1997), which allows for the erasure of tape recordings after two and one-half years.

The judge who disposed of the charges against the defendant conducted a nonevidentiary hearing on his motion to withdraw his admissions and denied the motion. This appeal ensued.

2. The defendant refers to *Boykin* v. *Alabama*, 395 U.S. 238, 242-243 (1969), and the constitutional requirement that a guilty plea must be vacated or nullified unless the record of the plea proceedings demonstrates that it was knowing and voluntary. He asserts that the Commonwealth cannot establish these requirements because the Commonwealth cannot show compliance with procedures and explanations called for in connection with admission to sufficient facts. See *Commonwealth* v. *Duquette*, 386 Mass. 834, 841-842 (1982); *Commonwealth* v. *Mele*,

---

[2]The form to be signed by a defendant reads as follows:

"1. I understand that I have the right to a trial, with or without a jury. I have the right to confront and cross-examine witnesses against me and to call witnesses on my own behalf. I understand that a jury consists of members of the community, that I may participate in their selection, that the verdict of the jury must be unanimous, that they decide guilt or innocence while the judge makes rulings of law in the course of the trial, instructs the jury on the law, and imposes sentence in the case of guilt; and, that where a jury is waived, the judge alone decides guilt or innocence in accordance with the facts and the law.

"2. I understand that by not appealing the guilty finding in this case, I waive my right to further trial and that the judgment of conviction is final."

The form also contains a space for the judge to find that the defendant's waiver of his right to appeal is knowing and voluntary.

20 Mass. App. Ct. 958, 958 (1985), *S.C.*, 400 Mass. 1101 (1987). As a consequence, the defendant asserts that his convictions must necessarily be set aside.

This contention is governed by the principles expressed in *Commonwealth* v. *Lopez, ante* 657 (1998). Here, as was the situation in *Lopez,* the record of the defendant's admissions and sentencing cannot be obtained, through no fault of the Commonwealth, because the tape recording of the proceeding apparently has been destroyed pursuant to court rule. The presumption of regularity and the policy of finality thus come into play, as has been explained in *Lopez, supra* at 664-665, to place on the defendant the requirement of showing some basis that adequately supports a negation of his convictions or which, at the very least, warrants further inquiry in the District Court. We agree with the Commonwealth that the defendant's presentation does not justify relief.

It is reasonably clear that the disposition of the ten charges against the defendant were the result of a plea bargain from which the defendant reaped a distinct advantage. Six charges were placed on file and concurrent sentences of eighteen months in a house of correction were imposed on three charges. The defendant, by reason of the nolle prosequi entered by the Commonwealth, was allowed to avoid the charge concerning intent to distribute heroin within 1,000 feet of a school, for which, if convicted, he would have received a mandatory minimum sentence of incarceration of at least two years. See G. L. c. 94C, § 32J. Thus, the defendant gained a shorter sentence on which he could obtain parole in exchange for what were in effect guilty pleas to less serious drug charges and a dangerous weapon charge.

This plea bargain was not executed in a vacuum. The defendant was represented by, and had the advice of, counsel throughout. "Representation and consultation with counsel are significant factors in determining whether a guilty plea (and, therefore, an admission to sufficient facts), not accompanied by a specific recitation of a defendant's intra-trial rights was, nonetheless, knowingly and voluntarily made."[3] *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152, 157 (1994), cert. denied, 513 U.S. 1094 (1995). There is no allegation that the defendant was

[3]There is no statement by the defendant that counsel who represented him on September 15, 1992, is unavailable, or otherwise not able, to support his allegations in whole or in part. See *Commonwealth* v. *Lopez, ante* 665-666, (1998).

not adequately counselled by his lawyer, or that his actions were coerced. The defendant signed a waiver of the right to an initial jury trial in each case. These facts bespeak the defendant's intention to consummate the plea bargain. The defendant's subsequent motion to revoke or revise his sentence makes no mention of any misunderstanding or noncomprehension of what occurred on September 15, 1992. The thrust of the defendant's affidavit accompanying the motion simply was that he had made good progress in the house of correction and had become rehabilitated, and, therefore, should be released (by way of a revoked or revised sentence) earlier than the usual time period for parole in his case.

The defendant's reliance on the unsigned waiver of appeal form, see note 2, *supra*, does not add much to his claim. Execution of that form in 1992 does not appear to have been prescribed or required by any District Court rule.[4] Its presence suggests that the subjects it addresses may very well have been discussed with the defendant by the judge or by the defendant's counsel. Importantly, the judge who denied the defendant's motion to withdraw his pleas was the same judge who took the pleas and implemented the plea bargain. We grant substantial deference to a decision denying a rule 30 (b) motion of this type when the judge passing on the motion is the same judge who heard the plea. *Commonwealth* v. *Amirault*, 424 Mass. 618, 646 (1997). The judge had the defendant's memorandum of law and heard argument on the defendant's motion to withdraw his admissions before denying the motion. We think the judge, perhaps without remembering all the specifics (as would be nearly impossible to do), may have relied on his usual practice of assuring that defendants in this sort of case are apprised of the rights they give up by tendering guilty pleas or the equivalent.

Further, the Commonwealth has shown that the defendant was not inexperienced when it came to District Court practice in 1992. The Commonwealth has offered (and we accept the offer) the defendant's criminal record which shows that, before the defendant entered his guilty pleas on September 15, 1992, he had completed a bench trial in the District Court in which he

---

[4] Since at least January, 1994 (after the admissions in this case), the Administrative Office of the District Court Department has prescribed a uniform document which is now entitled "Tender of Plea or Admission" for use in the type of disposition entered into by the defendant.

was found guilty and had exercised a right of appeal for de novo trial by a jury in the District Court. This suggests that the defendant had an awareness of the mechanics of a trial, his right to confront witnesses and the like, and his right to have his guilt or innocence ultimately determined by a jury. This circumstance supports the conclusion that the defendant understood the consequences of his admissions on September 15, 1992.

The judge, of course, had the right to reject as not credible the defendant's self-serving, conclusory affidavit. *Commonwealth* v. *Gould*, 413 Mass. 707, 716 n.9 (1992). The ultimate question is whether the record, considered in light of the discretion given to judges dealing with rule 30 (b) motions, indicates that denial of the defendant's motion was "manifestly unjust." *Commonwealth* v. *Moore*, 408 Mass. 117, 125 (1990). We can say with sufficient certainty that no such consequence has occurred.[5] The defendant's motion was properly denied.

3. We reject, as did the judge, the defendant's belated reliance on G. L. c. 218, § 31, and *Commonwealth* v. *Day*, 24 Mass. App. Ct. 447 (1987), to seek the opportunity to claim rights of appeal for de novo jury trials.[6] The same presumption of regularity that operates to defeat the portion of the defendant's rule 30 (b) motion discussed above applies to this contention in the absence of reliable and credible proof by the defendant that he in fact did not know of, and did not waive, his appeal rights. *Commonwealth* v. *Day*, *supra* at 450 n.3.

---

[5]The defendant's reliance on *Commonwealth* v. *Pavao*, 423 Mass. 798 (1996), and related decisions, does not assist his claim. *Pavao*, and cases like it, involve situations concerning required colloquies, where the Commonwealth can produce the contemporaneous record which will either validate or negate a defendant's claim that the necessary colloquy did not take place or was incomplete in some relevant respect. As has been explained in *Commonwealth* v. *Lopez*, *ante* at 661-665, where the contemporaneous record is not available through no fault of the Commonwealth, because the source of the record has been disposed of pursuant to court rule, the presumption of regularity applies to require the defendant to produce credible and reliable evidence to support his claim. Similarly, in cases of this sort, which are sui generis, the discussion in *Commonwealth* v. *Duquette*, 386 Mass. 834, 842 (1982), as to the burden of proof in a *Boykin* context, has no application.

[6]The twenty-four hour waiting period relied on by the defendant no longer exists because G. L. c. 218, § 31, was repealed about four months after the defendant was sentenced. See St. 1992, c. 379, § 142, approved January 13, 1993.

From all that appears, the missing tape recording may contain the appropriate waiver.

4. The order denying the defendant's motion under Mass. R. Crim. P. 30 (b) is affirmed.

*So ordered.*