COMMONWEALTH *vs.* RICHARD A. PRYCE.

No. 97-P-1703.

Suffolk. August 18, 1998. - September 30, 1998.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

Further appellate review granted, 428 Mass. 1109 (1998).

*Practice, Criminal,* Plea, New trial. *Alien.*

Nothing on the face of the record of a plea colloquy held in 1991 in the Boston Municipal Court supported a presumption contrary to that set forth in G. L. c. 278, § 29D, that the defendant had not received the advisement to noncitizens required by that statute; consequently, the judgment was vacated and the matter remanded for further proceedings. [536-537]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on November 9, 1989.

After the defendant's plea of guilty was accepted by *Ellen Flatley,* J., in the Boston Municipal Court Department, a motion for new trial, filed on April 17, 1997, was heard by *William J. Tierney,* J.

*Richard A. Pryce,* pro se.

*Christopher Pohl,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. On March 28, 1991, the defendant pleaded guilty in the Boston Municipal Court Department to possession of cocaine in violation of G. L. c. 94C, § 34, and was given a sentence concurrent with one he was then serving. In August, 1992, as a result of that and other convictions, the defendant was deported to Jamaica. On June 22, 1994, he pleaded guilty to illegal reentry and was given an enhanced Federal sentence of seventy-seven months committed, based in part on his 1991 cocaine conviction. In an effort to obtain revision of the enhanced sentence, he seeks reversal of the 1991 State conviction, arguing that at the time his guilty plea was accepted, he was not given the warning required by G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254, that, if he was not a citizen

of the United States, a conviction might result in deportation, exclusion from admission to the United States, or denial of naturalization (the alien warning).

The judge denied the defendant's motion for a new trial, finding, despite the destruction of the trial tapes pursuant to the two and one-half year tape-retention provision of Special Rule 308 of the Boston Municipal Court (1988), that the alien warning was in fact given. The basis for that finding was a stamped entry in the docket: "Defendant offers to plead guilty — after hearing, Court accepts defendant's offer. Defendant pleads guilty"; coupled with the facts that the judge was experienced and that the practice in the court at the time the plea was taken was to give the colloquies required by law prior to accepting a guilty plea. The words, "after hearing," the judge found, connote that the alien warning had been given.

Section 29D requires more. It expressly provides: "Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." See *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 318 (1986). The record statement that the plea was taken "after hearing" cannot be read as certifying that the alien warning in particular was given without resort to the usual presumption of regularity of court proceedings. We cannot apply that presumption in the face of the contrary presumption supplied by the statute. *Ibid.* See *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994). The statute thus precludes us from applying to this case the rationale of *Commonwealth* v. *Lopez*, 426 Mass. 657, 660-663 (1998); *Commonwealth* v. *Grant*, 426 Mass. 667, 670-671 (1998); and *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 47-49 (1997), none of which involved the alien warning and subsequent deportation or naturalization consequences.

Without the presumption of regularity to fill the void left by the absence of a record that the alien warning was given, a court has no course but to follow the statutory mandate: "If the court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." G. L. c. 278, § 29D. Accordingly, the judgment is reversed, the

finding of guilty is set aside, and the matter is remanded for further proceedings consistent herewith.

*So ordered.*