Welch, J.
On June 26, 1987 the defendant entered into a plea bargain with the Commonwealth. Initially charged with the crime of possession of cocaine (Class B substance) with intent to distribute, the defendant pled guilty to the lesser included offense (a misdemeanor) of possession of cocaine. The defendant received a nine-month suspended House of Correction sentence and one year probation. The judge who conducted the plea colloquy (Judge Walter Steele) has long since retired. The official court reporter who made a stenographic record of the plea colloquy has long since destroyed all notes of the plea colloquy pursuant to the guidelines set forth by the Supreme Judicial Court. At the time that this plea was taken, the Essex Superior Court had no policy regarding marking the docket sheet to show that the so-called “alien warnings” mandated by Chapter 278, §29D were given.[1]
Now, fourteen years later, the defendant has filed a motion to vacate this criminal judgment. The defendant requests that he be allowed to withdraw his guilty plea and enter a plea of not guilty. As grounds therefore, the defendant argues that the Superior Court judge failed to fully administer the warnings required by Chapter 278, §29D. That statute has, since 1978, *101 required that the court advise any person pleading guilty of the following: “If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization, pursuant to the laws of the United States.” It is undeniable that those statutory warnings must be fully given to any defendant during the plea colloquy. Commonwealth v. Soto, 431 Mass. 340 (2000).
In support of this motion, the defendant has submitted a single brief affidavit. In that affidavit, the defendant claims that he would not have entered into this plea bargain and pled guilty had he known of the possible adverse immigration consequences. The defendant claims: “to the best of my knowledge, belief and memory, the judge did not, on June 26, 1987, or ever, discuss with me or advise me because of my guilty plea, I may be deported, excluded from admission from the United States or denied naturalization.” The defendant now complains that his immigration attorney has advised him that if he travels outside the United States he maybe excluded from readmission to the United States and subject to deportation because of this previous criminal charge.[2] The defendant’s assertion “to the best of my knowledge, belief and memory” that the judge did not advise him of Section 29D warning is the only evidence presented by the defendant. The defendant at the time was represented by Attorney Neil Hourihan, who still practices actively in Salem, Massachusetts. “Although supporting affidavits from the attorneys who represented the defendant at the plea proceedings could have strengthened his allegations, no such affidavits were filed with the motion, despite the fact that. . . [the] attorney [is] still practicing law in Massachusetts.” Commonwealth v. Lopez, 426 Mass. 657, 665 (1998).
Given the length of time that elapsed between the plea of guilty and the current motion, together with the brief self-serving affidavit filed by the defendant, and the lack of any evidence to support the defendant’s rather surprising allegations, this judge does not credit the defendant’s affidavit. See Commonwealth v. Rzepphiewski, 431 Mass. 48, 51 (2000). That, however, does not resolve the situation entirely.
Chapter 278, §29D provides:
If the Court fails so to advise the defendant, and he later at anytime shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant’s motion, shall vacate the judgment and permit the defendant to withdraw his plea of guilty . . . and enter a plea of not guilty. Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.
The Supreme Judicial Court has interpreted this statute as unambiguously manifesting “a legislative intent to place on the Commonwealth the burden of proving that the requirements of G.L.c. 278, §29D, have been satisfied, irrespective of the amount of time that may have passed between the conviction and the defendant’s motion to withdraw his plea ...” Commonwealth v. Johnson, 417 Mass. 661, 664 (1994).
Due to the defendant’s delay, the stenographic record of the defendant’s guilty plea colloquy long since has been destroyed. There is a record (namely the notations on the docket sheet) that the defendant pled guilty and that the guilty plea was accepted. All such entries in the Essex Superior Court are made after a guilty plea colloquy is conducted. The basic fact remains, however, that there is no specific record that Judge Steele actually gave the Section 29D warnings and that the defendant acknowledged his understanding of those warnings. Nor, for that matter, can there ever be such a record given the defendant’s delay.
Conceivably, the Commonwealth could arrange to obtain an affidavit from the long since retired judge, but that affidavit, at most, would simply state what the judge’s usual practice was in 1987 when conducting a plea colloquy. Although the Appeals Court has indicated that such an affidavit might be sufficient [Commonwealth v. Ciampa, 51 Mass. App. 459 (2001)), such affidavits smack of an artificial construct. It is almost inconceivable that a Superior Court judge, long since retired, would ever remember a particular plea taken in a busy first session fourteen years ago. At best, the judge might recall his standard plea colloquy (all of which presumably would incorporate the Section 29D warnings nine years after that statute was passed). But no judge is likely to be able to specifically state that each of the three warnings were given on this particular occasion and that the defendant acknowledged his understanding of those three warnings.[3]
Instead of such an artificial reconstruction, the better approach is hinted at in the Supreme Judicial Court’s decision of Commonwealth v. Pryce, 429 Mass. 556 (1999). In that case, the Supreme Judicial Court distinguished its earlier holding in Commonwealth v. Jones, 417 Mass. 661, on the grounds that the record did indicate that a plea colloquy had been given. In addition (as is not the case here), there was additional evidence that the defendant had received the alien warnings when pleading to other cases. The Court, however, went on to note that it had not considered “what effect, if any, the presumption of regularity that we recently articulated in Commonwealth v. Grant, 426 Mass. 667, 660-61 (1998), and Commonwealth v. Lopez, 426 Mass. 657, 662 (1998), may have on a statutory presumption of G.L.c. 278, §29D.” Id. at 559. Now is the time to confront this issue.
The Lopez and Grant cases stand in contrast to the Supreme Judicial Court’s approach in Commonwealth v. Jones. In Lopez and Grant, the defendants, who had pled guilty many years before and then collaterally *102 attacked those plea colloquies long after the stenographic records had been legitimately destroyed, claimed that their pleas had not been free and voluntary. In short, the defendants were making constitutional challenges to their pleas of guilty. The rights provided by Section 29D, of course, are merely statutory. In the Lopez case, the Supreme Judicial Court restated the fact that ordinarily the burden is on the Commonwealth to show that the guilty plea was understandably and voluntarily made. If the contemporaneous record of the plea proceeding is unavailable, it maybe reconstructed. In Lopez, as in this case, the passage of time was such that the guilty plea colloquy could not be reconstructed. The Court held:
A far different situation exists, however, when the defendant leaves his guilty pleas unchallenged for a lengthy period of time, so the contemporaneous record of the plea is lost (by proper destruction of the stenographer’s notes or erasure of the tape recording pursuant to Court rules), and means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability ofwitnesses, the inherent weaknesses and failures of recollection, and other factors commonly associated with the passage of time. At this point, the absence of a record, and the inability to effectively reconstruct it, may be directly attributed to the defendant’s delay and may be said to be the defendant’s fault. In such a case, the defendant’s attack on his pleas . . . proceeds on a basis extrinsic to the unavailable contemporaneous record. In assessing such a challenge, a judge is not required to accept the defendant’s self-serving affidavit, alleging constitutional defects in conclusory terms, as sufficient to satisfy the defendant’s burden . . . Integral to this reason is a presumption of regularity and the important policy of finality.
Commonwealth v. Lopez, 426 Mass. at 661-62. The Supreme Judicial Court also noted that “a defendant’s dilatoriness in not directly challenging his plea will often suggest that, when the plea was made, the defendant was satisfied with his arrangement; had been counseled as to its particulars; and could be lawfully deemed to have accepted what were the unforeseeable, but possible, consequences.” Id. at 663. The Court, therefore, concluded “that a collateral challenge, like the defendant’s, to a prior conviction by guilty plea, if the challenge is to advance at all, must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid. If a defendant meets this burden, then an evidentiary hearing may be warranted at which the burden will be on the Commonwealth to show that the defendant’s plea proceedings were conducted in a way that protected his constitutional rights.” Id. at 664-65. Although the Lopez and Grant cases were in the context of Rule 30(b)(6) motions, the holdings of those cases appear applicable to the present situation.[4]
In the present case, the defendant has not come close to producing “sufficiently credible and reliable evidence to rebut the presumption that the prior conviction was valid.” The defendant entered into a highly favorable plea agreement whereby a felony was reduced to a misdemeanor. He received a suspended sentence and was represented by counsel throughout. The only support for the defendant’s position is his own self-serving affidavit. This judge does not credit the affidavit. The affidavit seems particularly incredible in that the defendant claims that only recently has he been informed that by traveling outside the United States it may result in his denial of admission into the United States or deportation. The federal immigration laws have become stiffer in some respects since the defendant’s plea of guilty in 1987. One suspects that the harsher federal laws might well be the motivating factor for the defendant’s present allegations.
This Court holds that the presumption of regularity should be accorded to the plea colloquy which took place back in 1987. The contemporarious record does adequately show that a plea colloquy took place and that the defendant’s plea of guilty was accepted. The wording of Section 29D implicitly assumes that the phrase “absent a record” relates to there being no record of any colloquy taking place or that a record was never made. In this instance, however, a complete record of the colloquy was made and then later destroyed. It is plainly the defendant’s delay that caused the destruction of the record. In this instance, the statutory presumption should be deemed to be inapplicable. Instead, the presumption of regularity set forth in the constitutionally based challenges of the Lopez and Grant decisions should be applied. Because I find that the defendant’s challenge is not accompanied by sufficient credible and reliable evidence to rebut the presumption that the prior conviction was valid and that the plea colloquy was complete, this motion must be denied.

 The Essex Superior Court has initiated, within the last five years, a process by which the defendant signs a written waiver in conjunction with the plea colloquy which specifically references the Chapter 278, §29D warning. Furthermore, the Clerk’s Office has, within the last two years, obtained a stamp which it occasionally uses evidencing that the so-called alien warnings were given. None of these procedures were in place in 1987.

 It is highly unlikely that this unsubstantiated assertion of possible deportation or denial of re-entry satisfies Chapter 278, §29D’s requirement that defendant establish that the conviction “may have one of the enumerated consequences." First, the defendant’s assertions are not supported by any legal authority or any affidavit of a qualified immigration attorney. Second, it is questionable — at best — that a simple possession charge (a misdemeanor) could result in deportation or denial of entry. See Commonwealth v. Rzepphiewski, 431 Mass. 48, 50 nn.4, 5, and 6 (2000). Therefore, even if a higher court does not accept the general premise of this decision, the motion must still be denied for failure to make this initial showing.

 Such an artificial record, if created, stands in the sharp contrast to the “lost transcript" cases such as Commonwealth *103 v. Harris, 376 Mass. 74 (1978), and Commonwealth v. Chatham, 10 Mass. App. 228 (1980). In those situations where the transcript of a trial, hearing, or plea colloquy is lost (by no fault of the Commonwealth), a hearing is held to determine if “rough accommodations" can be made to reconstruct the record of the particular, individual hearing. For example, the judge may rely on his or her notes of the particular event, together with the notes and memories of counsel. What is being re-created is a record of that individual judicial event, not a standardized version of a judge's usual practice.

 The “presumption of regularity” reiterated in such cases as Lopez and Grant is a common law doctrine. Conceivably, it might be considered an application of so-called state constitutional common law. In any event, the legislature plainly can alter any common law doctrine or presumption by legislation. A literal reading of Section 29D arguably alters such a common law presumption. Interpretation of any statute, however, must be done with common sense and in the context of the particular case. Otherwise, one risks absurd results and one cannot hope to arrive at the legislature’s intent. In passing Section 29D the legislature plainly wished to mandate not only that the warnings be given but that the courts make a record of such a proceeding. It is highly questionable that the legislature ever envisioned situations arising 23 years later involving retired judges, legitimately destroyed records of plea colloquies, and the like. The phrase “absent a record” must be interpreted in this context.