# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* JONATHAN A. GRANT, SECOND. August 18, 2003. *Practice, Criminal,* Admission to sufficient facts to warrant finding, Postconviction relief.

On December 31, 2001, the defendant filed a motion for a new trial, pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), in the New Bedford Division of the District Court Department, seeking to withdraw certain admissions to sufficient facts that he had entered into in 1992. A District Court judge denied the motion without a hearing. The defendant filed a motion for reconsideration, which the judge also denied. The defendant appealed, and we transferred the case to this court on our own motion. We now vacate the judge's order denying the motion for a new trial and remand the matter for appointment of counsel and further development of the record.

*Facts.* This is the defendant's second attempt at obtaining the relief requested. As set forth in *Commonwealth v. Grant,* 426 Mass. 667, 668 (1998), in 1992, the defendant admitted to sufficient facts to warrant findings of guilty on certain charges, and a judge in the District Court (plea judge) sentenced him to three concurrent terms of eighteen months in a house of correction. In 1995, the defendant pleaded guilty to certain additional charges in violation of Federal law, and a United States District Court judge for the District of Massachusetts sentenced him to an enhanced sentence of imprisonment as a result of the predicate State convictions. *Id.* at 669. In 1996, the defendant filed a motion in the New Bedford District Court seeking to withdraw his admissions. *Id.* That motion was denied by the plea judge, and, after the defendant appealed, we transferred the case here on our own motion and affirmed. *Id.* at 673-674. The defendant subsequently filed this second motion to withdraw his admissions following our decision in *Matter of Markey,* 427 Mass. 797, 807 (1998), disciplining the plea judge for misconduct that included a "pattern of conduct with regard to plea colloquies, whereby he exhibited a wilful disregard of the law."

The defendant argues that this court's decision in *Matter of Markey, supra,* serves as "credible and reliable" evidence that the plea judge routinely failed to provide adequate plea colloquies, thus overcoming the "presumption of regularity" in his case and requiring an evidentiary hearing at which the Commonwealth would bear the burden of proof. See *Commonwealth v. Lopez,* 426 Mass. 657, 664-665 (1998). The defendant also argues that the judge who denied his second motion under rule 30 (b) (the motion presently before us) erred in declining to appoint counsel because the defendant has no access to Mas-

sachusetts legal materials in Federal prison or any ability to reconstruct the record.[1]

*Discussion.* As recently stated in *Commonwealth* v. *Colon*, 439 Mass. 519, 524 (2003), the denial of a motion for a new trial is reviewed for abuse of discretion and will not be reversed unless it is manifestly unjust or infected with prejudicial constitutional error. In this case, the defendant claims an injustice because, in his first appeal, this court accorded a measure of deference to the fact that the plea judge may have relied, in serving as both the plea judge and the motion judge on the defendant's first motion, "on his *usual practice* of assuring that defendants in this sort of case are apprised of the rights they give up by tendering guilty pleas or the equivalent" (emphasis added). *Commonwealth* v. *Grant, supra* at 672. This statement seems, at first blush, to be contradicted by our subsequent recognition that the plea judge had engaged in a "pattern of conduct with regard to plea colloquies, whereby he exhibited a wilful disregard of the law." *Matter of Markey, supra* at 807. However, the defendant has not reconstructed the record beyond calling our attention to the decision in *Matter of Markey, supra.*[2] We have reviewed preliminarily the record that was before us in *Matter of Markey, supra,* including the transcript of the evidentiary hearing before the hearing officer whom we appointed in connection with the charges filed against the plea judge by the Commission on Judicial Conduct. We conclude that the defendant's submission may raise a "colorable or meritorious issue," that the better course would have been to assign counsel to pursue the issue on the defendant's behalf, and that it would result in "fundamental unfairness" in the circumstances of this case if he does not receive the benefit of counsel to develop further the record in support of his motion for a new trial. See *Commonwealth* v. *Conceicao*, 388 Mass. 255, 262 (1983).

*Conclusion.* The orders denying the defendant's second motion under Mass. R. Crim. P. 30 (b) and declining to appoint counsel are hereby vacated. The case is remanded to the District Court for the appointment of counsel, who may press the defendant's claim by filing an amended motion for a new trial that is accompanied by appropriate supporting documentation.[3] We express no opinion at this juncture whether the defendant has negated the presumption of regularity, or whether he will be entitled to an evidentiary hearing. Those are questions for the motion judge to determine in the first instance on remand, in view of the defendant's amended submission.

*So ordered.*

---

[1]The motion judge stated, in denying the defendant's motion for a new trial, that she had referred the matter to an attorney "for screening to determine whether counsel should be appointed to prepare and handle a [r]ule 30 motion and represent the defendant," and that "[t]he screening determination, with which I concur, is that there is no meritorious issue raised by the defendant."

[2]The defendant, who claims that he does not have access to Massachusetts legal materials, submitted a newspaper article about the decision in *Matter of Markey*, 427 Mass. 797 (1998). The motion judge held him to this limited submission and ruled that "the newspaper article . . . simply does not adequately raise any meritorious issue as to the defendant's plea and its voluntariness."

[3]The limited record before us does not indicate that a determination was made whether the defendant is in fact indigent. This prerequisite must of course be satisfied in accordance with S.J.C. Rule 3:10, as appearing in 416 Mass. 1306 (1993), and G. L. c. 211D, before counsel is appointed.

The case was submitted on briefs.

*Jonathan Grant, II,* pro se.

*Steven E. Gagne,* Assistant District Attorney, for the Commonwealth.