The defendant, who pleaded guilty to fifty-one charges stemming from his sexual abuse of children, appeals from the denial of his motion for a new trial. The motion was denied without a hearing by the same judge who had accepted the pleas. We affirm.
Background. On October 18, 2007, the defendant's wife, Kathleen Lafrenaye, went to the Chicopee police department and reported her suspicion that the defendant was engaging in inappropriate sexual conduct with a friend of her thirteen year old son. During the ensuing investigation, the defendant admitted that he had unnatural sexual intercourse with the child on multiple occasions. He was charged with two counts of rape of a child, in violation of G. L. c. 265, § 23 (indictment no. 07-1466). Following the defendant's arrest, Ms. Lafrenaye found a box of videotapes depicting, among other things, nude images of children between the ages of four and seven. The children were known to the defendant and had been filmed in sexually suggestive poses in his home. Ms. Lafrenaye gave the videotapes to the police, who then executed a search warrant and discovered additional incriminating recordings. After further police investigation, the defendant ultimately was charged with fifty-two more offenses, including four counts of rape of a child, G. L. c. 265, § 23 ; thirteen counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B ; twenty-seven counts of posing a child in a state of nudity or sexual conduct, G. L. c. 272, § 29A(a ) ; seven counts of possession of child pornography, G. L. c. 272, § 29C ; and one count of showing obscene matter to a minor, G. L. c. 272, § 28 (indictment no. 08-238).
On January 30, 2009, the defendant pleaded guilty to both counts of rape of a child alleged in indictment no. 07-1466 and to most of the criminal offenses (forty-nine counts) alleged in indictment no. 08-238.[3] A judge of the Superior Court accepted the guilty pleas following a lengthy plea hearing that included a thorough plea colloquy. The judge then sentenced the defendant to concurrent sentences totaling fifteen years to life in State prison, in accordance with an agreed recommendation. The defendant subsequently filed a motion to revise the sentences imposed on both counts of indictment no. 07-1466 to life with no minimum term; that motion was allowed.
Almost five years later, the defendant filed a motion for new trial, claiming ineffective assistance of counsel. The motion was denied by the plea judge in a well-reasoned memorandum of decision and order. We conclude that the judge acted well within her discretion in determining that counsel was not ineffective and affirm the order denying the defendant's motion for new trial.[4]
Discussion. 1. Ineffective assistance. The defendant filed a memorandum in support of his motion in which he argued that counsel was ineffective in failing to fully prepare for trial and by advising him to reject the Commonwealth's first plea offer, which he claims was more favorable than the one he accepted. On appeal, the defendant argues only that counsel was ineffective in persuading him not to accept the first plea offer.[5]
To prevail on his claim of ineffective assistance of counsel, the defendant has the burden of establishing that "(1) defense counsel's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' (performance prong), and (2) he was prejudiced by counsel's conduct in that it 'likely deprived the defendant of an otherwise available, substantial ground of defence' (prejudice prong)." Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Thus, a defendant must prove both deficient performance and prejudice." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722 (2012).[6]
The defendant claims that counsel's incompetent assistance in plea negotiations resulted in the imposition of a more severe sentence. According to the defendant, the prosecutor initially offered to recommend a sentence of twenty-five to thirty-five years.[7] Counsel allegedly told him to reject this offer and wait, promising the defendant that he could negotiate a more favorable plea bargain as trial approached. Even if we were to accept the defendant's assertion that the Commonwealth made the offer as he has described it, and were to decide that counsel's advice to reject it was manifestly unreasonable, see Commonwealth v. Kolenovic, 471 Mass. 664, 674-675 (2015), such that it constituted deficient performance under Saferian, the order denying the defendant's motion must be affirmed because the defendant offered no proof of prejudice.
To establish prejudice in the circumstances presented, the defendant was required to demonstrate a reasonable probability that, but for counsel's contrary advice, he would have accepted the original plea, and that the court thereafter would have approved it. Commonwealth v. Marinho, 464 Mass. 115, 129 (2013). The defendant also needed to show that the original offer would have resulted in a sentence less severe than the one imposed. See ibid. The defendant did not meet his burden. There is no affidavit from the prosecutor or counsel to support the defendant's position and, more importantly, the judge "had the right to reject as not credible the defendant's self-serving, conclusory affidavit." Commonwealth v. Grant, 426 Mass. 667, 673 (1998).
Furthermore, to the extent that the defendant claims his pleas were unintelligent and involuntary due to counsel's advice to reject the initial plea offer, we agree with the judge that the defendant's responses during the plea colloquy belie this claim. During the course of the plea hearing, the judge reviewed each charge and informed the defendant of all the elements the Commonwealth was required to prove. The Commonwealth provided separate, detailed factual bases for each of the fifty-one charges. Following each factual recitation by the Commonwealth, the judge asked the defendant whether he had heard and understood the prosecutor, and agreed that he had done the acts described. The defendant responded affirmatively in each case. The judge ensured that the defendant knew his rights and the consequences of pleading guilty, confirmed that the defendant was acting of his own free will, and found that the pleas were entered "willingly, freely, voluntarily, and intelligently." In sum, we agree with the judge's assessment-the defendant's decision to plead guilty was both voluntary and intelligent.
2. Evidentiary hearing. The defendant also claims that the judge abused her discretion by denying his request to conduct an evidentiary hearing. We are unpersuaded. "If the theory of the motion, as presented by the papers, is not credible or persuasive, holding an evidentiary hearing ... will accomplish nothing." Commonwealth v. Goodreau, 442 Mass. 341, 348-349 (2004). As discussed above, the defendant's claim of ineffective assistance of counsel was not sufficiently credible to have warranted a hearing.
Order denying motion for new trial affirmed.

The Commonwealth nolle prossed three counts of posing a child in a state of nudity or sexual conduct.

"In reviewing the disposition of a motion for a new trial, we must determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Williams, 71 Mass. App. Ct. 348, 353 (2008) (quotation omitted). Moreover, where, as here, the judge deciding the motion is the same who heard the plea, we grant substantial deference to her decision denying the motion. Id. at 353-354.

Although the defendant has limited his appeal to this one ground of alleged ineffective assistance, we note that the judge properly concluded that the defendant was not entitled to a new trial on the ground that counsel was not adequately prepared for trial. As the judge observed, the defendant presented no evidence to satisfy his burden other than a "self-serving unsigned statement that offers conclusions without specific facts." The defendant claimed that counsel failed to file discovery motions, but declined to identify what discovery should have been requested or how the absence of such discovery resulted in any harm. Moreover, the record indicates that discovery was complete well before the date of the plea. The defendant's claim that counsel should have litigated a motion to suppress is likewise unavailing. In order to prevail on an ineffective assistance of counsel claim on the ground of failing to pursue a motion to suppress, the defendant must demonstrate a likelihood that the motion would have been successful. See Commonwealth v. Comita, 441 Mass. 86, 91 (2004). The defendant has not done so. The defendant's claims that counsel failed to visit him and displayed a general lack of enthusiasm for his case are not supported by the record and, in any event, even if these assertions were credible and could be considered behavior "falling measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), the defendant has not shown that counsel's alleged conduct "likely deprived [him] of an otherwise available, substantial ground of defence." Ibid.

The defendant's argument that the judge erred by applying the standard for effectiveness of counsel articulated in Saferian instead of the Federal standard set forth in Missouri v. Frye, 566 U.S. 134 (2012), and Strickland v. Washington, 466 U.S. 668 (1984), is misplaced. Satisfying the Saferian standard necessarily satisfies the Federal standard. See Commonwealth v. Marinho, 464 Mass. 115, 123 n.11 (2013). "In fact, we 'grant more expansive protections under [art. 12 of the Massachusetts Declaration of Rights] than have been required of States under the Sixth Amendment.' " Ibid., quoting from Commonwealth v. Rainwater, 425 Mass. 540, 553 (1997), cert. denied, 522 U.S. 1095 (1998). In any event, the judge implicitly applied the Federal standard when she observed that the defendant had failed to demonstrate that the sentence he received was "a more severe sentence than the original plea offer." See Commonwealth v. Marinho, 464 Mass. 115, 129 (2013), quoting from Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012) (to demonstrate prejudice, defendant must show that sentence "under the offer's terms would have been less severe" than sentence actually imposed).

There is no formal plea offer in the record and the Commonwealth does not concede that such an offer was made. In light of our conclusion that the defendant has failed to establish prejudice, it is not necessary to resolve this factual dispute.