NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-888

COMMONWEALTH

vs.

LEE FRUZZETTI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Superior Court judge's order, dated July 20, 2023, denying the defendant's postconviction motion to compel the Commonwealth to disclose Brady materials (motion to compel). See Brady v. Maryland, 373 U.S. 83 (1963). We affirm the order.

The defendant brought the motion to compel after his convictions of assault and battery by means of a dangerous weapon (firearm) causing serious bodily injury, in violation of G. L. c. 265, § 15A (c) (i), and assault and battery by means of a dangerous weapon (firearm), in violation of G. L. c. 265, § 15A (b), were affirmed by a different panel of this court in an unpublished memorandum and order. See Commonwealth v.

Fruzzetti, 100 Mass. App. Ct. 1111 (2021).[1]  The Supreme Judicial Court denied further appellate review.  See Commonwealth v. Fruzzetti, 488 Mass. 1108 (2021).  The defendant also filed several other postconviction motions, the denial of which was recently affirmed by a different panel of this court in another unpublished memorandum and order.  See Commonwealth v. Fruzzetti, 104 Mass. App. Ct. 1120 (2024).

We review the denial of the motion to compel, as we would review the denial of a motion for postconviction discovery, for abuse of discretion.  See Commonwealth v. Camacho, 472 Mass. 587, 598 (2015).  Postconviction discovery is not available as of right; it is governed by Mass. R. Crim. P. 30 (c) (4), as appearing in 435 Mass. 1501 (2001), which requires that the party seeking discovery establish a prima facie case for relief. "In order to prevail on a posttrial discovery motion, a defendant must demonstrate that it is reasonably likely that such discovery will lead to evidence possibly warranting a new trial.  Additionally, the defendant must make a prima facie showing that the evidence sought would have materially benefited the defense and would have factored into the jury's deliberations."  (Citation omitted.)  Camacho, supra.  In the

---

[1] The facts underlying the convictions are well known to the parties and were summarized in that prior memorandum and order.

2

present appeal, the defendant's brief contains no sufficient argument on these issues.

An appellant's brief is required to contain, among other things, "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies." Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). "The appellate court need not pass upon questions or issues not argued in the brief." Id. See Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020) (claims not adequately argued on appeal are waived). The defendant's brief fails to comply with these requirements. We could affirm the order denying the motion to compel on this ground alone.

We nevertheless note that, to whatever extent the requested Brady materials existed at all -- which in numerous instances the defendant has not established with record citations -- the judge was not required to credit the defendant's uncorroborated claim that they were withheld from him. See Commonwealth v. Grant, 426 Mass. 667, 673 (1998) ("The judge, of course, had the right to reject as not credible the defendant's self-serving, conclusory affidavit"). The defendant had standby counsel at trial, who argued for and received pretrial discovery material

3

from the Commonwealth, yet the defendant failed to support his motion with an affidavit from standby counsel regarding receipt or nonreceipt of the materials now at issue.  A "judge may take into account the suspicious failure to provide pertinent information from an expected and available source." Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004).

In these circumstances, we see no abuse of discretion or error of law in the judge's order denying the motion to compel. "Without a showing that [the requested] evidence actually existed, and that the Commonwealth withheld such evidence, we cannot say that it was an abuse of discretion for the judge to deny the defendant's motion."  Camacho, 472 Mass. at 601.

Finally, attached to the defendant's brief is an exhibit entitled "[a]ppeal [m]otion to [c]ompel."  That document refers to claims under 42 U.S.C. § 1983 for the violation of his constitutional due process, confrontation, and perhaps other rights.  Those claims and the related claims raised in the defendant's reply brief do not appear to have been presented in the motion to compel filed in the Superior Court.  The claims

4

are therefore not properly before us.  See <u>Boss</u> v. <u>Leverett</u>, 484 Mass. 553, 563 (2020) and cases cited.

<u>Order dated July 20, 2023,</u>
<u>denying motion to compel,</u>
<u>affirmed</u>.

By the Court (Sacks, Englander & Grant, JJ.[2]),

Clerk

Entered: November 15, 2024.

---

[2] The panelists are listed in order of seniority.