NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-890

COMMONWEALTH

vs.

XEDRIK X., a juvenile.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The juvenile appeals from the orders denying his motions to vacate his 2004 delinquency pleas to charges of larceny of property valued at $250 or more, G. L. c. 266, § 30, and tampering with a fire alarm, G. L. c. 268, § 32.  The juvenile argues that his plea counsel was ineffective and that a Juvenile Court judge abused her discretion in declining to grant an evidentiary hearing on his motions.  We affirm.

Background.  On October 4, 2004, a complaint issued charging the juvenile, then fifteen years old, with larceny of property valued at $250 or more.  Ten days later, another complaint issued charging the juvenile with tampering with a fire alarm.  At arraignment in both cases, an attorney (plea

counsel) was appointed to represent the juvenile.  On November 15, 2004, the juvenile tendered pleas in both cases.  The dockets reflect that a Juvenile Court judge (plea judge) conducted a colloquy with the juvenile, though a recording of that colloquy is no longer available.  The plea judge accepted the pleas and placed the juvenile on probation for one year.

About eleven months later, warrants issued in both cases alleging that the juvenile was in violation of probation.  A different attorney (probation counsel) was appointed to represent the juvenile.  The juvenile was found in violation of probation, and his probation was extended and later terminated.

About eighteen years after his pleas, and represented by new counsel (motion counsel), the juvenile moved pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), to vacate his plea on the charge of tampering with a fire alarm. In support of that motion, the juvenile submitted his own affidavit, averring that after plea counsel was appointed, "[w]e did not discuss the rights that I would be giving up in order to plead out, nor did we discuss any alternatives."  The juvenile did not submit any affidavit of plea counsel, but did submit an affidavit of motion counsel describing his unsuccessful attempts to reach plea counsel by telephone and by letter.  Because the plea judge had retired, a different Juvenile Court judge (motion

2

judge) considered the motion and denied it after a nonevidentiary hearing.

Over one year later, in May 2024, the juvenile filed a similar motion to vacate his plea on the charge of larceny of property valued at $250 or more.[1] The juvenile supported that motion with his own affidavit averring that "[n]one of the missing items were ever found in my possession," and "[t]here were other children staying at the house when the items were reported missing." The juvenile's affidavit referred by name to probation counsel as having "advised me to plead delinquent to the charges," in contrast to the docket that shows that it was plea counsel who represented the juvenile at the plea. In support of that motion, the juvenile again submitted no affidavit of plea counsel, but did submit an affidavit of motion counsel describing her contacts with probation counsel, who had neither any specific memory of the case nor any file. The motion judge denied that motion without a hearing.

The juvenile timely appealed from the orders denying his motions. The appeals were consolidated in this court.

---

[1] The juvenile was represented by motion counsel and another attorney in the same law firm. For the sake of simplicity we refer to each of them as motion counsel.

Discussion.  A motion to withdraw a guilty plea, which is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), may be allowed if "it appears that justice may not have been done."  Commonwealth v. Scott, 467 Mass. 336, 344 (2014).  Because the motion judge was not the plea judge and based her ruling on affidavits, we are in as good a position as she to make that determination.  See Commonwealth v. Perkins, 450 Mass. 834, 845 (2008).  "[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion'" (citation omitted).  Commonwealth v. Duart, 477 Mass. 630, 634 (2017), cert. denied, 584 U.S. 938 (2018).

1.  Ineffective assistance of counsel.  The juvenile asserts that plea counsel did not investigate any potential defenses and did not ensure that the pleas were knowing, voluntary, and intelligent, and argues that as a result plea counsel's representation was ineffective and prejudiced the juvenile.  Thus, the juvenile contends, the motion judge abused her discretion in denying his motions to vacate the pleas.

Because the juvenile moved to vacate his pleas eighteen and nineteen years after he tendered them, no audio recording or transcript of the plea proceedings is available.  See Commonwealth v. Lopez, 426 Mass. 657, 661 (1998).  In those circumstances, "[t]he presumption of regularity and the policy

4

of finality . . . come into play . . . to place on the [juvenile] the requirement of showing some basis that adequately supports a negation of his convictions." Commonwealth v. Hoyle, 67 Mass. App. Ct. 10, 14 (2006), quoting Commonwealth v. Grant, 426 Mass. 667, 671 (1998).

To establish that he was entitled to a new trial, the juvenile was required to show that plea counsel's performance fell below the standard of an ordinary, fallible lawyer, and that counsel's shortcomings deprived him "of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). As evidence of plea counsel's ineffectiveness, the juvenile offered only his own affidavits (RA 29, 61-62) and those of motion counsel. The motion judge found that the juvenile "did not exhaust all efforts to obtain a response from" plea counsel. Motion counsel's affidavit describing unsuccessful attempts to contact plea counsel did not excuse the absence of an affidavit from plea counsel. See Commonwealth v. Miller, 101 Mass. App. Ct. 344, 353 (2022) ("An affidavit stating that trial counsel 'refused to support the motion' or 'would not cooperate with successor counsel,' without more, is inherently vague and susceptible to varied interpretations"). Contrast Commonwealth v. Watt, 493 Mass. 322, 333 (2024) (affidavits from both

5

prosecution and defense counsel corroborated juvenile's claim that lead counsel was sleeping during trial).

Based on the docket, the motion judge noted that the plea judge had given the juvenile the appropriate immigration warnings; from that, the motion judge inferred that the plea judge also had conducted an appropriate plea colloquy. Also based on the docket, the motion judge noted that at the time of his pleas the juvenile was being held in custody. The judge found that "[i]t is not unusual for someone in custody to trade their release from confinement for a global resolution on open criminal cases, which the Court infers happened in this case." Because the juvenile's pleas resulted in favorable sentences -- only one year of probation -- the record supports an inference that they were entered with his voluntary and intelligent agreement. See Commonwealth v. Furr, 454 Mass. 101, 112 (2009) ("generous" sentence recommendation resulting from youthful offender's plea "strongly supports the conclusion that the defendant chose voluntarily to plead").

In these circumstances, we conclude that the motion judge did not abuse her discretion in "reject[ing] as not credible the [juvenile's] self-serving, conclusory affidavit[s]." Grant, 426 Mass. at 673. See Furr, 454 Mass. at 109 (affirming denial of motion to withdraw plea where "defendant has presented no

6

evidence, other than the statements contained in his affidavit").

2. <u>Lack of evidentiary hearings</u>. The juvenile also argues that the motion judge abused her discretion in declining to hold evidentiary hearings on the motions. When considering a motion pursuant to Mass. R. Crim. P. 30 (b), "[a] judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing'" (citation omitted). <u>Commonwealth</u> v. <u>Lastowski</u>, 478 Mass. 572, 575 (2018) (affirming decision of trial judge who denied motion to withdraw guilty pleas without evidentiary hearing). In his motions, the juvenile requested evidentiary hearings, but did not raise a "substantial issue" that would require one, Mass. R. Crim. P. 30 (c) (3). "There was no abuse of discretion in the motion judge's refusal to hold

an evidentiary hearing on an allegation supported only by the [juvenile's] self-serving affidavit[s]."  Commonwealth v. Denis, 442 Mass. 617, 634 (2004).

Orders dated August 25, 2023, and May 31, 2024, denying motions to vacate delinquency pleas, affirmed.

By the Court (Hand, Grant & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  May 30, 2025.

---

[2] The panelists are listed in order of seniority.