NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12476

COMMONWEALTH  vs.  CHRIST O. LYS.


 Middlesex.     September 5, 2018. - November 19, 2018.

     Present:  Gants, C.J., Lenk, Gaziano, Lowy, & Budd, JJ.


Controlled Substances.  Practice, Criminal, Plea, Assistance of counsel, New trial.  Constitutional Law, Plea, Assistance of counsel.  Due Process of Law, Plea, Assistance of counsel.  Alien.



     Complaint received and sworn to in the Marlborough Division of the District Court Department on January 18, 2012.

     A motion for a new trial was heard by Robert G. Harbour, J.

     After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.


     Patrick N. Long for the defendant.
     Gabriel Pell, Assistant District Attorney, for the Commonwealth.
     John P. Zanini, Assistant District Attorney, for District Attorney for the Berkshire District & others, amici curiae, submitted a brief.


     LOWY, J.  The defendant pleaded guilty in the District

Court to violating multiple controlled substances laws.  He was

a lawful permanent resident who had emigrated from Haiti, and his plea rendered him deportable.[1]  The Federal government detained the defendant and initiated deportation proceedings against him.  The defendant then filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), arguing that he had received ineffective assistance of counsel.  The defendant claimed, inter alia, that he would not have pleaded guilty if his counsel had properly advised him about the plea's immigration consequences.  The motion judge, who was also the plea judge, denied the motion after a nonevidentiary hearing.  The defendant appealed, and the Appeals Court affirmed.  Commonwealth v. Lys, 91 Mass. App. Ct. 718, 726 (2017).  We allowed the defendant's application for further appellate review.

In his written decision, the judge found that plea counsel's performance was constitutionally deficient but that the deficient performance did not prejudice the defendant.  The Commonwealth now contends that the judge's finding of deficient

---

[1] The defendant was deportable under 8 U.S.C. § 1227(a)(2)(B)(i) (2012) (making aliens convicted of most controlled substances laws deportable) and 8 U.S.C. § 1227(a)(2)(A)(iii) (2012) (making aliens convicted of "aggravated felony" deportable).  See Commonwealth v. Clarke, 460 Mass. 30, 32 n.2, 46 (2011).  His aggravated felony conviction also precluded him from applying to the United States Attorney General for relief.  See 8 U.S.C. § 1229b(a)(3) (2012).

performance was erroneous.[2]  The defendant contends that the judge erroneously found a lack of prejudice.  We do not reach the merits of either issue.  Rather, we conclude that the judge (1) might have failed to recognize his discretion to credit or discredit the defendant's affidavits as they pertained to plea counsel's allegedly deficient performance, even in the absence of an affidavit from plea counsel; and (2) failed to make factual findings about whether special circumstances relevant to the prejudice inquiry existed.  Therefore, we vacate the denial of the motion for a new trial and remand the case to the District Court for proceedings consistent with this opinion.[3]

Background.  1.  Plea.  According to the prosecutor's summary of the Commonwealth's allegations at the plea hearing and other undisputed record materials, the defendant sold marijuana and cocaine to an undercover police officer on various occasions, often in a school zone; he offered to sell marijuana

_____

[2] Although the Commonwealth contests the judge's finding of deficiency before this court, it did not contest that finding before the Appeals Court.  The defendant argues that we should, therefore, not consider the issue.  We disagree.  Although the Appeals Court accepted the judge's deficiency finding "for purposes of [its] analysis," the court critiqued the judge's reasoning.  Commonwealth v. Lys, 91 Mass. App. Ct. 718, 721 (2017).  Because the deficiency finding "was considered in the Appeals Court, we will address the matter" (citation omitted).  Commonwealth v. Sepheus, 468 Mass. 160, 171 (2014).

[3] We acknowledge the amicus brief submitted by several district attorneys.

and cocaine to the same undercover officer multiple times; and he conspired to violate controlled substances laws when he distributed the cocaine.

The defendant faced a twenty-eight-count complaint.  He ultimately pleaded guilty to three counts of distributing marijuana, G. L. c. 94C, § 32C (a); two counts of distributing cocaine, G. L. c. 94C, § 32A (a), as amended through St. 2010, c. 256, § 68; two counts of conspiring to violate controlled substances laws, G. L. c. 274, § 7; thirteen counts of attempting to distribute a class D substance, G. L. c. 274, § 6; and two counts of attempting to distribute a class B substance, G. L. c. 274, § 6.  The judge sentenced the defendant to eighteen months in a house of correction and a term of probation.

As part of the plea, the Commonwealth entered nolle prosequis with respect to four counts of violating a controlled substances law near a school, G. L. c. 94C, § 32J, as amended through St. 2010, c. 256, § 72; and dismissed two counts of possessing cocaine, G. L. c. 94C, § 34, as amended through St. 2008, c. 387, § 5.  Each school zone charge would have carried a mandatory minimum sentence of two years in a jail or house of correction, from and after the defendant's sentences on the underlying drug crimes.

2. <u>Motion for new trial</u>. The defendant filed two affidavits in support of his motion for a new trial, both of which stated that plea counsel had not warned him about the plea's immigration consequences. Neither plea counsel nor motion counsel submitted affidavits.[4] The judge observed in his decision that plea counsel did not testify or provide an affidavit and declared that, "[f]aced with this paucity of factual information," "the [c]ourt feels strongly that it must give the [d]efendant's and his [motion] [a]ttorney's [a]ffidavits full credit."[5] Accordingly, the judge found that plea counsel had performed deficiently. But the judge went on to find that this deficient performance did not prejudice the defendant. Without making any factual findings, he concluded that "the court does not find the presence of any special circumstances" suggesting that the defendant would have placed particular emphasis on immigration consequences when deciding whether to plead guilty.

---

[4] At the nonevidentiary motion hearing, motion counsel provided unsworn testimony that she had asked plea counsel to testify or aver as to whether he had discussed the plea's immigration consequences with the defendant. According to motion counsel, plea counsel refused her request.

[5] There is no affidavit from the defendant's motion attorney in the record. The term "Attorney's Affidavit[]" in the judge's decision likely refers to the defendant's supplemental affidavit.

Discussion.  A motion for a new trial may be granted "if it appears that justice may not have been done."  Mass. R. Crim. P. 30 (b).  We examine the granting or denial of a new trial motion "only to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).  We extend "substantial deference" to a motion judge who was also the plea judge.  Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Commonwealth v. Grant, 426 Mass. 667, 672 (1998), S.C., 440 Mass. 1001 (2003).

1.  Performance.  "Both art. 12 of the Declaration of Rights of the Massachusetts Constitution and the Sixth Amendment to the United States Constitution guarantee a right to the effective assistance of counsel."  Commonwealth v. Lykus, 406 Mass. 135, 138 (1989).  To provide effective representation under the Sixth Amendment, counsel must advise his or her clients about a guilty plea's "truly clear" deportation consequences.[6]  Padilla v. Kentucky, 559 U.S. 356, 369, 374 (2010).  See Commonwealth v. Sylvain, 466 Mass. 422, 424 (2013)

---

[6] The defendant here brings a claim for ineffective assistance under only the Sixth Amendment to the United States Constitution.  Because we find that remand is necessary under either the Sixth Amendment or art. 12 of the Massachusetts Declaration of Rights, we once again "leave open the question of what differences, if any, exist between the two standards."  Commonwealth v. Fuller, 394 Mass. 251, 256 n.3 (1985).

(Sylvain I), S.C., 473 Mass. 832 (2016) (applying same rule under art. 12). "Here, as in Padilla, the consequences of the defendant's plea were clear." Commonwealth v. Clarke, 460 Mass. 30, 46 (2011). See Commonwealth v. DeJesus, 468 Mass. 174, 180-181 (2014).

The judge found that the performance of the defendant's plea counsel was constitutionally deficient because plea counsel did not explain the plea's immigration consequences to the defendant. We do not review this decision's merits. Instead, we remand because the judge might not have recognized his discretion to credit or discredit the defendant's affidavits, even in the absence of an affidavit from plea counsel. See Commonwealth v. Lydon, 477 Mass. 1013, 1015 (2017) (remanding when "judge did not recognize his discretionary authority"); Commonwealth v. Harris, 443 Mass. 714, 728, 733 (2005) (remanding when judge "declin[ed] to exercise any discretion").

Under Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001), a judge hearing a motion for a new trial must first decide whether the defendant's motion and affidavits present a "substantial issue." In making this determination, a motion judge need not accept statements in the defendant's affidavits as true, even if the statements are undisputed. Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015). Instead, a motion judge should consider "both the seriousness of the issue

itself and the adequacy of the defendant's showing on that issue." Commonwealth v. Denis, 442 Mass. 617, 628 (2004). Although a defendant's motion and affidavits "need not prove the issue raised," to be adequate "they must at least contain sufficient credible information to cast doubt on the issue." Id. at 629.

If a motion judge finds that the motion and affidavits do not present a substantial issue, then "[t]he judge may rule on a motion for a new trial without an evidentiary hearing." Id. at 628. If a motion judge finds that they do present a substantial issue, then the judge must hold an evidentiary hearing. Vaughn, 471 Mass. at 404, quoting Commonwealth v. Chatman, 466 Mass. 327, 334 (2013), S.C., 473 Mass. 840 (2016) ("Only when the motion and affidavits raise a 'substantial issue' is an evidentiary hearing required"). Commonwealth v. Stewart, 383 Mass. 253, 257 (1981) (stating that if defendant's newly discovered evidence raises substantial issue, then "he is entitled to an evidentiary hearing").

Here, the defendant claimed in his affidavits that his plea counsel did not explain to him the plea's immigration consequences. "A claim of ineffective assistance of counsel . . . readily qualifies as a serious issue." Denis, 442 Mass. at 629. The judge, therefore, needed to consider only the adequacy of the defendant's assertions when deciding whether the

defendant had raised a substantial issue. It is unclear whether he did so. After stating that plea counsel did not provide an affidavit or testify, the judge concluded that he "fe[lt] strongly that [he] must give the [d]efendant's and his [motion] [a]ttorney's [a]ffidavits full credit."

A motion judge may consider the absence of an affidavit from allegedly ineffective counsel in the adequacy analysis. But this failure need not create an inference that the defendant's affidavit must be credited, as the judge here suggested.[7] Indeed, a motion judge in some circumstances may infer that the absence of an affidavit from prior counsel makes the statements in the defendant's affidavit less likely to be true. See Vaughn, 471 Mass. at 405, quoting Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004) ("the judge may take into account the suspicious failure to provide pertinent information from an expected and available source"). But see Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014) (lack of affidavit from trial counsel does not, "by itself, defeat[] a claim of ineffective assistance of counsel" when "successor

---

[7] The defendant contends that the judge recognized his discretion to credit or discredit the defendant's affidavits and nonetheless credited them. But the decision's plain language makes it equally plausible that the judge felt legally compelled to fully credit the defendant's affidavits absent testimony from plea counsel.

counsel filed affidavits attesting to plea counsel's lack of cooperation").

Because the judge might have failed to recognize his discretion to credit or discredit the defendant's affidavits in the absence of an affidavit from plea counsel, we remand "with instructions to provide findings relating to the issue of [plea counsel's deficient performance] and, if necessary, to hold an additional evidentiary hearing . . . for that purpose." Sylvain I, 466 Mass. at 439. We emphasize that the judge on remand should "provide some reasons for accepting or rejecting a particular affidavit . . . to assist the appellate court in understanding whether the judge acted within his or her discretion." Vaughn, 471 Mass. at 405.

2. Prejudice. To show prejudice when seeking to withdraw a guilty plea on the ground of ineffective assistance, a defendant must provide sufficient "credible facts" to demonstrate a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice. Lavrinenko, 473 Mass. at 55. See Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). "At a minimum, this means that the defendant must aver that to be the case." Clarke, supra, citing Hill, supra at 60. The defendant here stated in his affidavits that he would have pursued other options, including going to trial,

had he known about his plea's immigration consequences. Therefore, he satisfied this baseline requirement for raising an issue of prejudice.

After establishing that a defendant has satisfied this baseline requirement, a judge should proceed in two steps. The first step is to determine whether the defendant has shown "that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, 460 Mass. at 47, quoting Padilla, 559 U.S. at 372. To prove rationality, the defendant bears the "substantial burden" of showing at least one of the following: (1) an available, substantial ground of defense that the defendant would have pursued if given proper advice about the plea's dire immigration consequences; (2) a reasonable probability that the defendant could have negotiated a plea bargain that did not include those dire immigration consequences; or (3) special circumstances supporting the conclusion that the defendant "placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Clarke, supra at 47-48.

If the defendant fails to establish any of these three Clarke factors, then the ineffective assistance of counsel claim must fail for lack of prejudice. See Commonwealth v. Lastowski, 478 Mass. 572, 577-579; Clarke, 460 Mass. at 47-49. If the defendant does establish at least one of the Clarke factors,

then the judge must move to the second step and evaluate whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice. See Lavrinenko, 473 Mass. at 55, 59.

The judge here found that the defendant did not establish any of the Clarke factors. Although the defendant argued before the Appeals Court that the judge ruled improperly with regard to all three factors, before this court he focuses only on special circumstances. Therefore, we address only that issue. See Mass. R. A. P. 27.1 (f), as amended, 441 Mass. 1601 (2004) ("If a new brief is filed [after further appellate review is granted], it will be considered in lieu of the Appeals Court brief"). See also Commonwealth v. Maguire, 476 Mass. 156, 156-157 (2017).

The judge found a lack of special circumstances without making any factual findings, stating only that "the court [did] not find the presence of any special circumstances" "despite the impassioned advocacy . . . regarding [the defendant's] history of abuse at the hands of his father and lack of family in his home [c]ountry." As the Appeals Court observed, it is impossible to discern from this statement whether the judge disbelieved the defendant's affidavits as they pertained to the

special circumstances analysis or whether he decided that the defendant did not aver any facts that, even if believed, would qualify as special circumstances. Lys, 91 Mass. App. Ct. at 725. Therefore, as with the deficiency finding, we remand "with instructions to provide findings relating to the issue of [special circumstances] and, if necessary, to hold an additional evidentiary hearing . . . for that purpose." Sylvain I, 466 Mass. at 439.

We also provide guidance for the judge on remand with regard to the special circumstances analysis. In evaluating whether the defendant has established the existence of special circumstances, a judge must consider collectively all of the factors supporting the conclusion that the defendant "placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Clarke, 460 Mass. at 47-48. In DeJesus, 468 Mass. at 183-184, for example, the court found that special circumstances existed based on the confluence of three factors: the defendant "had been in the country since he was eleven years old, his family was in Boston, and he had maintained steady employment in the Boston area." See Commonwealth v. Cano, 87 Mass. App. Ct. 238, 247-248 (2015) (finding that defendant raised substantial issue concerning "special circumstances" because he "ha[d] not lived in Colombia since he moved to the United States in 1979, at age twelve"; was

"largely dependent on his family members in the United States for many of the basic requirements of daily life"; and "depend[ed] to a significant extent on governmental benefits to meet his financial needs"); Martinez, 86 Mass. App. Ct. at 552-553 (remanding for consideration of prejudice where defendant was "a United States resident since early childhood, employed with a family, including a common-law wife and three children who were all United States citizens").

Similarly, in Lee v. United States, 137 S. Ct. 1958, 1968-1969 (2017), the United States Supreme Court considered a confluence of factors in reversing the denial of the defendant's motion to vacate his guilty plea. Although the Supreme Court did not use our parlance of "special circumstances," it noted that the defendant had not visited his birth country since moving to the United States at the age of thirteen, "had lived in the United States for nearly three decades, had established two businesses in Tennessee, and was the only family member in the United States who could care for his elderly parents." Id. at 1962, 1968. Cf. United States v. Gonzales, 884 F.3d 457, 461-463 (2d Cir. 2018) (per curiam) (vacating defendant's guilty plea due to court's "failure to inform [defendant] of the immigration consequences of his plea" where defendant came to United States as child, lived in New York City near his children and their mothers for most of his life, had family in New York

City area, and had siblings serving in United States military);
United States v. Ruiz, 548 Fed. Appx. 410, 411-412 (9th Cir.
2013) (finding that "proper legal advice of which [defendant]
was deprived could have at least plausibly motivated a
reasonable person in her position not to have pled guilty" where
defendant "ha[d] longstanding ties to the United States, having
arrived here at the age of seven, having lived here for [thirty]
years and having two U.S.-born children").

Here, the relevant factors as alleged during the motion
hearing and in the defendant's affidavits are that the defendant
moved to the United States from Haiti at the age of seven and
has not since returned; that the defendant has friends, family,
and a girlfriend in the United States; that the defendant has
been unable to locate any family members in Haiti since the
earthquake that devastated Haiti in January 2010; that the
defendant is not proficient in the language of Creole or French;
and that the defendant was diagnosed with a learning disability
when he was young.

A further relevant circumstance not discussed at the motion
hearing is that at the time of the defendant's plea, Haitian
nationals in the United States were granted temporary protected
status (TPS) because of the earthquake.  See 75 Fed. Reg. 3476
(2010) (designating Haiti for TPS); 76 Fed. Reg. 29,000 (2011)
(extending Haiti's TPS through January 22, 2013).  The court may

take judicial notice of this designation by the Secretary of Homeland Security because notice of the designation was published in the Federal Register.  See Ralston v. Commissioner of Agric., 334 Mass. 51, 53 (1956) ("The contents of the Federal Register are the subject of judicial notice by this court").  See also 44 U.S.C. § 1507 (2012) ("The contents of the Federal Register shall be judicially noticed . . .").  Cf. Mass. G. Evid. § 202(b) (2018) ("A court may take judicial notice of the contents of Federal regulations . . . not brought to its attention . . .").

If the judge were to find that all of these alleged factors existed at the time of the defendant's plea, then it would be an abuse of discretion to find that these factors, considered collectively, failed to constitute special circumstances.  A finding of special circumstances requires only a finding that the defendant "placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty."  Clarke, 460 Mass. at 47-48.  It is hard to imagine any reasonable person who would not, in light of this confluence of factors, place "particular emphasis on immigration consequences in deciding whether to plead guilty."  Id.

This is not to say that the judge must find prejudice if he or she finds that the above-listed factors existed at the time of the defendant's plea.  The existence of special circumstances

does not automatically result in prejudice.  Rather, "[t]he prejudice determination rests on the totality of the circumstances, in which special circumstances regarding immigration consequences should be given substantial weight." Lavrinenko, 473 Mass. at 59.  See Lee, 137 S. Ct. at 1966, 1968.

We do not provide an exhaustive list of the particular factors that the judge should consider on remand if he or she reaches this totality of the circumstances analysis.  We emphasize that the judge may consider any factor that bears on the ultimate question of prejudice:  whether there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice.  In answering this question, the judge should remember that, for some defendants, "even a small chance of acquittal may be sufficient to show that it was reasonably probable that a person in the position of the defendant would have rejected the plea and insisted on going to trial."  Lavrinenko, 473 Mass. at 63.  This is because "[t]he decision whether to plead guilty . . . involves assessing the respective consequences of a conviction after trial and by plea. When those consequences are, from the defendant's perspective,

similarly dire, even the smallest chance of success at trial may look attractive" (citation omitted).  Lee, 137 S. Ct. at 1966.[8]

We reaffirm the Lavrinenko case's nonexhaustive list of potential factors:  the defendant's assessment of success at trial; the risks of going to trial rather than pleading guilty, including "the risk that a conviction [at trial] would result in a sentence at or close to the 'maximum allowable sentence'" or "the risk that a conviction at trial would result in a mandatory minimum sentence substantially more severe than the sentence offered through a guilty plea to a lesser charge"; whether conviction at trial would result in a house of correction sentence or a lengthy State prison sentence; and the defendant's deportability on acquittal.[9]  Lavrinenko, 473 Mass. at 59 n.20,

---

[8] In Lee v. United States, 137 S. Ct. 1958, 1966-1967 (2017), the United States Supreme Court found prejudice based on the "dire" immigration consequences of a guilty plea, where the defendant said, inter alia, that "he . . . would have rejected any plea leading to deportation -- even if it shaved off prison time -- in favor of throwing a 'Hail Mary' at trial."  In football, a "Hail Mary" is a long pass into the end zone with little time remaining.  The chance of success is meager, but not zero.  Doug Flutie did, after all, complete such a pass to secure a victory for Boston College in 1984.

[9] We recognize that the parties have briefed the applicability of various special circumstances and totality factors to the defendant in this case.  We also recognize that the Commonwealth has moved to (1) supplement the record with information relevant to the defendant's deportability on acquittal and (2) strike a portion of the defendant's brief relevant to the defendant's lack of ties with Haiti.  Although we do not reach these issues, they may be addressed on remand.

quoting <u>Commonwealth</u> v. <u>Roberts</u>, 472 Mass. 355, 365 (2015).  We also observe that the <u>Clarke</u> factors discussed <u>supra</u> are relevant to the totality analysis.  See <u>Clarke</u>, 460 Mass. at 47-48.  But we emphasize that, "[u]ltimately, a defendant's decision to tender a guilty plea is a unique, individualized decision, and the relevant factors and their relative weight will differ from one case to the next."  <u>Lavrinenko</u>, <u>supra</u>, quoting <u>Roberts</u>, <u>supra</u> at 365-366.

<u>Conclusion</u>.  For the foregoing reasons, the order denying the defendant's motion for a new trial is vacated and the matter is remanded to the District Court for proceedings consistent with this opinion.

<u>So ordered</u>.