Following a Superior Court jury trial, the defendant was convicted of four counts of rape of a child and one count of indecent assault and battery on a child under the age of fourteen. After his conviction was affirmed on direct appeal, see Commonwealth v. Olmande, 84 Mass. App. Ct. 231 (2013), the defendant moved for a new trial. On appeal from the denial of that motion, the defendant contends that his trial counsel was ineffective for failing to obtain expert testimony, and that the prosecutor's closing argument created a substantial risk of a miscarriage of justice. We affirm.[2]
Background. On April 7, 2011, a jury convicted the defendant of four counts of rape of a child, G. L. c. 265, § 23, and one count of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.
At trial, the then eighteen year old victim identified the defendant, her grandmother's former boy friend, as the man who raped her for a period of years starting from the time she was four or five.[3] Although there was no physical evidence, the Commonwealth introduced corroborating testimony from a first complaint witness, the grandmother, and an aunt.
The aunt testified that on more than one occasion, while giving the child a bath, she noticed a "discharge" in the child's underwear that looked like the underwear of a "sexually active" adult woman. Alarmed, she consulted with the grandmother and questioned the child about whether someone had harmed her. After the child stated that no one had "mess[ed] with" her, the aunt attributed the stain to the victim's eczema and the infrequency with which the victim bathed on account of that condition.
Discussion. Expert witness. The defendant argues that trial counsel's failure to move to stay trial to obtain an expert witness to testify about innocent explanations for stains in a child's underwear constitutes ineffective assistance of counsel, requiring a new trial.[4]
We apply a two-pronged test for determining whether to grant a new trial for ineffective assistance of counsel. "[A] defendant is denied constitutionally effective assistance of counsel if the representation fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that the performance inadequacy 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Because there is no affidavit from trial counsel regarding that decision, it was within the judge's discretion to conclude that "the defendant's assertions about what counsel did not do is speculative." Commonwealth v. Rice, 441 Mass. 291, 304 (2004), citing Commonwealth v. Knight, 437 Mass. 487, 502 n.17 (2002). See generally Commonwealth v. Lys, 481 Mass. 1, 5-6 (2018) (judge may, in exercise of her discretion, consider fact that there is no affidavit from prior counsel on motion for new trial alleging ineffective assistance claim).[5] The record is devoid of evidence to suggest that trial counsel's decision to impeach the aunt's testimony about the stained underwear without seeking expert medical testimony was anything other than "a tactical or strategic decision." Kolenovic, 471 Mass. at 674.
Viewed as a strategic or tactical decision, trial counsel's failure to move to stay the trial to obtain expert testimony regarding possible causes of the stains on the child's underwear was not manifestly unreasonable when made.[6] See id. The aunt testified that eczema and infrequent bathing would explain the stains at the time she observed them. It is far from clear that expert medical testimony providing alternative explanations for the stains would have accomplished anything more for the defense, or could have improved upon the concessions already obtained on cross-examination of the percipient witness that the alternative explanation satisfied her at the time.
Closing argument. In our prior decision we rejected the defendant's argument that the prosecutor's improper vouching, while error, created a substantial risk of a miscarriage of justice. See Olmande, 84 Mass. App. Ct. at 237. The defendant renews that argument in this appeal, albeit in slightly different form. We can identify no new factual or legal issue warranting further review. See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005) ("The defendant raises no new factual or legal issue in her rule 30 (b) motion. She simply seeks to relitigate ... based on her assertion that her direct appeal was decided wrongly").
Order entered March 12, 2018, denying motion for new trial affirmed.

In November, 2014, the defendant, pro se, had filed a prior motion for new trial, which the trial judge denied in January, 2015. The defendant did not appeal from that order.

Although both the defendant and the Commonwealth cite to the trial transcripts, those transcripts were not included in the record appendix. We are not obligated to consider issues on appeal when we have not been provided with an adequate record. See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 373-374 (1991). However, the direct appeal was previously heard by this court, and the parties at that time had included the trial transcripts in the record. See id. We therefore have, in our discretion, reviewed the transcripts provided in the defendant's direct appeal.

We note that the defendant filed with his motion for new trial an affidavit from the grandmother that suggests the grandmother now believes the victim was mistaken as to the identity of the perpetrator. The defendant refers to the affidavit in the statement of the case and statement of the facts sections of his brief, but does not present any argument about the significance of this affidavit. We do not consider it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Even were we to consider the affidavit of the victim's grandmother, it is not newly discovered evidence "not reasonably discoverable at the time of trial." Commonwealth v. Shuman, 445 Mass. 268, 271 (2005).

As in Lys, there is no affidavit here stating that trial counsel was uncooperative. See Lys, 481 Mass. at 6, citing Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014).

This is not a case of obtaining an expert to test physical evidence. Because of the years between the commission of the crimes and trial, and because the child's family concluded at the time that the stains were not semen, the soiled underpants were no longer available at the time of trial.