The defendant appeals from the order denying his motion to withdraw his plea and for a new trial, which was filed in May, 2017. The plea was tendered twenty years earlier, in April, 1997, and resolved a two-count complaint charging the defendant with possession with intent to distribute a class B substance, and doing so in a school zone. In exchange for the defendant's guilty plea to the first count, the second count was dismissed, and the defendant was sentenced to two and one-half years in the house of correction, with six months to serve and the balance suspended.
The defendant's motion for new trial was based on his contention that plea counsel was ineffective by failing to advise the defendant of the immigration consequences of his plea. "To prevail, the defendant [bore] the burden of showing that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors. Commonwealth v. Clarke, 460 Mass. 30, 45 (2011), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974)." Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015). We review the denial of a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
Here, we discern neither. The defendant's motion was supported by his own (fairly weak) affidavit and by an (even weaker) affidavit from his plea counsel. The defendant's affidavit did not unequivocally state that plea counsel failed to advise the defendant of the immigration consequences of his plea. Instead, the defendant asserted only that he did not remember"ever having a discussion with [plea counsel] about the specific immigration consequences." The more limited nature of this statement was something the motion judge could certainly take into account. See Commonwealth v. Lys, 481 Mass. 1, 6 (2018) (motion judge has authority to credit or discredit even uncontradicted assertions in defendant's affidavit). Moreover, even this limited statement was undercut by the defendant's acknowledgement that immigration consequences, at least to some extent, had been discussed with plea counsel; plea counsel had advised the defendant "that it was good for immigration that this was [his] first offense and that [he] would only be spending a few months in jail." And it was further undercut by plea counsel's affidavit, which stated that, although he did not specifically remember the defendant's case, "it was a regular part of [plea counsel's] practice [at the time of the plea] to go through the tender of plea sheet with [his] clients before they pleaded guilty. It was also a part of [his] practice to provide [his] criminal clients with the statutorily required § 29D immigration warnings."
In these circumstances, the motion judge did not abuse his discretion in concluding that the defendant failed to meet his burden of showing that plea counsel's performance fell measurably below that which might be expected from an ordinary fallible lawyer. Deciding as we do, we need not (and do not) reach the defendant's second contention, which is that plea counsel's alleged ineffectiveness prejudiced him.
Order denying motion to withdraw plea and for new trial affirmed.