NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-947

COMMONWEALTH

vs.

HELDER ROSA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this consolidated appeal from a judgment of conviction of assault and battery causing serious bodily injury, see G. L. c. 265, § 13A (b) (i), and from an order denying his motion for a new trial, the defendant asserts that he is entitled to a new trial based on ineffective assistance of counsel. We affirm.

"We examine the granting or denial of a motion for a new trial 'only to determine whether there has been a significant error of law or other abuse of discretion.'" Commonwealth v. Lys, 481 Mass. 1, 4 (2018), quoting Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). As the motion judge was also the trial judge, his decision "is entitled to special deference." Commonwealth v. Delong, 60 Mass. App. Ct. 122, 127 (2003), quoting Commonwealth v. Barnette, 45 Mass. App. Ct. 486, 493 (1998).

To prevail on a claim of ineffective assistance of counsel, "[t]he defendant must show that counsel's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that his performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Marinho, 464 Mass. 115, 123 (2013), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Thus, a defendant must prove both deficient performance and prejudice." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722 (2012).

With respect to the performance prong, the defendant, a lawful permanent resident of the United States, asserts that trial counsel's conduct fell below that of reasonably competent counsel because, having obtained detailed advice from an attorney specializing in immigration, defense counsel knew that a conviction of assault and battery causing serious bodily injury would result in the defendant's nearly automatic deportation, whereas a conviction of simple assault and battery would not.[1]  Accordingly, the defendant reasons, counsel should

_____

[1] At oral argument, the defendant's appellate counsel stated that a sentence of one year or longer for simple assault and battery would be considered a "crime of violence" or "aggravated felony," which would have the same immigration consequences as a conviction of assault and battery causing serious bodily injury. In a post argument letter, counsel retracted this statement. Based on our assessment of the prejudice prong, we need not resolve this complicated question of Federal law.

have requested a jury instruction on simple assault and battery. Because the defendant's claim fails on the prejudice prong, we need not decide whether counsel's failure to request an instruction on simple assault and battery, in the circumstances of this case, was conduct that fell measurably below that of an ordinary fallible lawyer.

To prove prejudice, the defendant had to show a reasonable probability that the result of the trial would have been different if counsel had requested an instruction on simple assault and battery. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016); Commonwealth v. Clarke, 460 Mass. 30, 46-47 (2011). Here, even if defense counsel had requested the instruction, there is no reasonable probability that the judge would have given it or that the jury would have found the defendant guilty of the lesser-included offense if so charged.

In denying the motion for a new trial, the trial judge stated that the jury had no rational basis to convict the defendant of simple assault and battery, and that he would have had no basis to instruct on it. We agree. A judge should instruct on a lesser-included offense, on request, when the evidence would permit a conviction for that offense, see Commonwealth v. Woodward, 427 Mass. 659, 662-663 (1998), but "a judge should not instruct a jury on a lesser-included offense not suggested by a reasonable view of the evidence."

3

Commonwealth v. Nardone, 406 Mass. 123, 132 (1989). Here, there was no reasonable view of the evidence in which the defendant committed an assault and battery that did not cause serious bodily injury.

The victim's testimony, the defendant's testimony, and the medical records all agreed that the defendant's first punch struck and injured the victim's eye. The only contested issue was whether the defendant was acting in self-defense. The victim testified that when the defendant inexplicably charged at him, the victim tried to defend himself with his left fist, but the defendant punched him in the eye and then kept punching him. When the victim told the defendant that his eye had been injured, the defendant continued to hit the victim and even tried to poke the other eye. The defendant testified that the victim was the aggressor. When the victim turned to throw a punch, the defendant responded by punching the victim once, and only once, and as a result the victim "held his right eye." Although the defendant denied that he attempted to "poke" the victim's injured eye or "gouge" his other eye, he did not deny punching the victim in the eye. Indeed, in his summation, defense counsel argued that that the victim's eye injury was the result of the single punch, and although it had "tragic" consequences, it was in self-defense. There was simply no rational view of the evidence in which the defendant did not

4

punch the victim in the eye, or in which the victim caused serious bodily injury to himself after the defendant punched his eye, as the defendant argues in his brief.[2]  As the evidence did not support an instruction on simple assault and battery, the defendant's reliance on Commonwealth v. Gilliard, 46 Mass. App. Ct. 348, 350 & n.4 (1999), where the evidence did support the instruction, is misplaced.  "Because the defendant was not entitled to the instruction, it follows that, by failing to request it or by failing to argue for a verdict that the

---

[2] At oral argument, appellate counsel suggested that the jury might have accepted the defendant's version of events in part and acquitted him of assault and battery causing serious bodily injury based on self-defense, but then have accepted the victim's version of events in part and convicted of simple assault and battery based on the defendant's continued attack after he injured the victim's eye.  Although "[w]e need not entertain an argument raised only orally," Commonwealth v. Rijo, 98 Mass. App. Ct. 871, 876 n.9 (2020), we do not consider this to be a reasonable view of the evidence warranting an instruction on the lesser-included offense.

5

evidence did not support, counsel did not provide ineffective assistance." Commonwealth v. DeMarco, 444 Mass. 678, 685 (2005).

Judgment affirmed.

Order denying motion for a
  new trial affirmed.

By the Court (Meade,
  Massing & Sacks, JJ.[3]),

Anne M. Thomas

Assistant Clerk

Entered:  February 8, 2024.

---

[3] The panelists are listed in order of seniority.