NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1054

COMMONWEALTH

vs.

JAMES KIPTANUI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, James Kiptanui, appeals from the denial of his motion to withdraw his guilty pleas based on ineffective assistance of plea counsel under art. 12 of the Massachusetts Declaration of Rights and Commonwealth v. Lavrinenko, 473 Mass. 42 (2015). We vacate the orders denying his motion and remand for an evidentiary hearing.

Background. The defendant, a refugee from Kenya, pleaded guilty in 2018 to assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a), and assault and battery by means of a dangerous weapon (a knife), in violation of G. L. c. 265, § 15A (b). Two years later, represented by new counsel, he filed a motion to withdraw his guilty pleas on the ground that plea counsel failed to inquire into his immigration status and, as a result, failed to advise him that the

convictions would result in presumptively mandatory deportation proceedings and deprive him of the ability to obtain discretionary relief from removal.  The defendant supported his motion with his own affidavit and that of plea counsel.  The defendant stated that he did not remember plea counsel asking him about his immigration status, and that plea counsel did not provide specific advice on how the pleas would affect his refugee status, but that counsel did warn him in general terms that his pleas might have adverse immigration consequences. Plea counsel averred that he had no specific memory of what he told the defendant.  Although his standard practice was to ask clients about their citizenship, he was unaware that the defendant was not a citizen, he did not remember if he asked the defendant about his citizenship, and he did not remember the defendant telling him he was not a citizen.

The same judge who had taken the defendant's guilty pleas held a nonevidentiary hearing on the defendant's motion.  At the hearing it came to light that a few months before the defendant pleaded guilty, the Department of Homeland Security (DHS) had initiated deportation proceedings against him based on a 2012 Ohio conviction for grand theft of a motor vehicle.  The defendant was not in DHS custody at the time of his guilty pleas.  Indeed, it appears that he was being held in the house of correction on this matter, his bail having been revoked for

2

failing to appear at the originally scheduled trial date, when he was served with the notice to appear for removal proceedings.

The judge denied the motion, finding that the defendant had failed to demonstrate that he was unaware of the potential immigration consequences of his guilty pleas. The judge did not credit the defendant's assertion that he did not understand the mandatory consequences of his guilty pleas, inferring that he would have known the consequences based on the already pending removal proceedings against him. The judge noted that she had given the defendant the required statutory immigration warnings and that the defendant admitted that counsel had informed him that the guilty pleas might have immigration consequences; however, she did not credit the defendant's statement that there was no further discussion of the consequences. The defendant timely filed a notice of appeal.

After the defendant had filed his appellate brief, the Commonwealth, with the defendant's assent, obtained a stay of the appeal to permit the parties "to resolve the matter in the District Court." The parties then filed a joint motion to reconsider, asking the judge to "[m]ake specific findings as to how plea counsel advised the defendant," whether this advice was constitutionally adequate, and, if not, whether the defendant was prejudiced.

3

The judge held a second nonevidentiary hearing.  At the hearing, the defendant, through counsel, conceded that he would have difficulty proving prejudice arising from plea counsel's failure to advise him about deportation, given that the defendant was already in deportation proceedings based on the Ohio conviction.  The defendant continued to press his claim that plea counsel was ineffective for failing to advise him that pleading guilty to a crime of violence would prevent him from obtaining discretionary relief from removal and that this failure resulted in prejudice.  The judge again found that the defendant had been advised of immigration consequences in general terms, but added that plea counsel failed to advise the defendant about how the pleas would affect his immigration status because the defendant failed to advise counsel about the pending deportation proceedings.  Again the judge denied the motion, finding that it foundered on the defendant's failure to prove the first prong of the Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), standard.  This appeal followed.

Discussion.  A motion to withdraw a guilty plea is treated as a motion for a new trial.  See Lavrinenko, 473 Mass. at 47. "We examine the granting or denial of a new trial motion 'only to determine whether there has been a significant error of law or other abuse of discretion.'"  Commonwealth v. Lys, 481 Mass. 1, 4 (2018), quoting Lavrinenko, supra.

4

"[E]ven where, as here, a refugee is inadmissible and deportable, the refugee may still seek an adjustment of status from refugee to lawful permanent resident by applying for a waiver of inadmissibility." Lavrinenko, 473 Mass. at 49-50, citing 8 U.S.C. § 1159(c) (2012). To competently advise the defendant about the immigration consequences of his guilty pleas, it was essential for plea counsel to understand the defendant's status. See Lavrinenko, supra at 53-54. "Therefore, the failure of a criminal defense attorney to make a reasonable inquiry of the client regarding his or her citizenship and immigration status is sufficient to satisfy the deficient performance prong of the ineffective assistance analysis." Id. at 53.

The defendant argues that he presented a substantial showing that plea counsel did not conduct sufficient inquiry into his immigration status or provide the advice required by Lavrinenko and asks that we remand for an evidentiary hearing. A judge must hold an evidentiary hearing on a new trial motion if the defendant presents a "substantial issue," an inquiry that focuses on the seriousness of the issue presented and the adequacy of the defendant's showing. See Lys, 481 Mass. at 6; Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015). A claim of ineffective assistance based on a failure to explain immigration consequences qualifies as a serious issue. See Lys, supra;

5

Commonwealth v. Denis, 442 Mass. 617, 629 (2004).  Accordingly, we focus on the adequacy of the defendant's showing.

A judge considering a motion to vacate a guilty plea has considerable discretion in assessing the adequacy of the defendant's showing, including whether to credit or discredit the defendant's affidavits and materials.  See Lys, 481 Mass. at 5-7; Vaughn, 471 Mass. at 405.  "Although a defendant's motion and affidavits 'need not prove the issue raised,' to be adequate 'they must at least contain sufficient credible information to cast doubt on the issue.'"  Lys, supra at 5, quoting Denis, 442 Mass. at 629.  A judge is not required to accept a defendant's affidavit as true, even if uncontroverted.  See Lys, supra at 5; Vaughn, supra.

Here, the defendant's showing raised doubts as to whether plea counsel made a sufficient inquiry into his refugee status or provided adequate advice concerning the effect of a guilty plea on his prospects for discretionary relief from removal. The judge's findings to the contrary cannot fairly be drawn from the record.

Plea counsel had no memory of discussing the defendant's citizenship.  His affidavit did not establish that he ever learned of the defendant's refugee status or pending removal proceedings -- or advised him accordingly.  The judge made no finding that plea counsel gave the defendant any advice other

6

than that "a plea might result in immigration consequences."  In her findings after the first hearing, the judge discredited the defendant's assertion that plea counsel did not provide any further advice specific to the defendant's circumstances, but the judge's disbelief cannot establish that plea counsel did in fact provide such advice.  Disbelief of a statement in an affidavit is not proof of the opposite.  See Commonwealth v. Jackson, 468 Mass. 1009, 1012 (2014); Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 51 (2018).

Indeed, on reconsideration the judge found that plea counsel did not provide such advice, blaming the failure on a finding that the defendant did not share with counsel that he was already in removal proceedings.  However, it was incumbent upon plea counsel to inquire about the defendant's status; it was not the defendant's responsibility to determine which factors had legal significance and to so advise counsel.  See Lavrinenko, 473 Mass. at 53.[1]  The judge also found that the defendant was aware of the potential immigration consequences of his guilty pleas, not from any advice he received from plea

---

[1] Although plea counsel did not represent the defendant at his bail review hearing in Superior Court, which took place about a month before the guilty pleas, the findings and order denying review of bail set forth that the defendant was a "legal resident/non-citizen" and that he had a prior conviction in Ohio for aggravated burglary.  This information should have put counsel on notice to inquire further.

counsel, but from the fact that his Ohio conviction had resulted in removal proceedings. While the defendant's prior knowledge might go to the assessment of prejudice, it has no bearing on the quality of advice plea counsel provided.

The Commonwealth suggests that we could affirm the denial of the defendant's motion on a ground not reached by the judge: even if the defendant could demonstrate that plea counsel's advice was constitutionally deficient, he cannot demonstrate that he suffered prejudice because his Ohio conviction already deprived him of the possibility of obtaining discretionary relief from removal, regardless of the outcome of this case. See Lavrinenko, 473 Mass. at 59 n.20 ("A defendant who can eliminate the risk of deportation through an acquittal is more likely to insist on going to trial than a defendant who is deportable regardless of the outcome at trial").

While we are free to affirm on grounds different from those relied on by the judge, those grounds must be "supported by the record" and "the facts found by the judge." Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997). The defendant's ability to prove prejudice in this case involves a number of interrelated factors, including whether the defendant meets the requirements for adjustment of status as a refugee under 8 U.S.C. § 1159(b), and whether the defendant would be considered a "violent or dangerous individual" on the basis of the Ohio conviction,

<u>Lavrinenko</u>, 473 Mass. at 62, making him ineligible for adjustment of status pursuant to 8 U.S.C. § 1159(c).  See <u>Lys</u>, 481 Mass. at 7-8 (setting forth nonexhaustive list of factors judge should consider in determining "whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice").  As these factors are not apparent from the record and briefing before us, we are unable to affirm the denial of the motion for failure to establish prejudice.

<u>Conclusion</u>.  The defendant's motion to vacate his guilty pleas should not have been denied without an evidentiary hearing, and the orders denying that motion are vacated.  We remand the case for an evidentiary hearing and for findings concerning exactly what plea counsel advised the defendant, whether this advice was constitutionally adequate, and, if not, whether the defendant can demonstrate prejudice.

<u>So ordered</u>.

By the Court (Meade,
  Massing & Sacks, JJ.[2]),

Assistant Clerk

Entered:  March 11, 2024.

_____

[2] The panelists are listed in order of seniority.