NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1372

COMMONWEALTH

vs.

MARYELLEN VESPRINI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Maryellen Vesprini, appeals from the plea judge's denial of her motion to withdraw her admission to sufficient facts on a charge of operating a motor vehicle while under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1). We affirm.

Background. Based on events that occurred on Saturday, April 2, 2016, a complaint issued in the Newburyport District Court charging the defendant with OUI and citing her for driving without headlights, G. L. c. 90, § 7. At arraignment on Monday, April 4, 2016, the defendant admitted to sufficient facts for the OUI charge. Pursuant to G. L. c. 90, § 24D, the judge imposed the disposition for a first-time offender: the case was

continued without a finding for one year, conditioned on the defendant attending a driver alcohol education program, and her driver's license was suspended for forty-five days.[1]  The judge found the defendant not responsible for the civil infraction.

In 2018, the defendant was arrested for a second offense OUI.  She then moved to withdraw her admission to sufficient facts in this case.  After a hearing, the plea judge denied the motion.  The defendant did not appeal.

In July 2023, the Supreme Judicial Court ruled that as a result of failures by the State police office of alcohol testing to calibrate and certify Draeger Alcotest 9510 machines prior to April 18, 2019, a defendant who seeks to vacate a guilty plea to OUI involving test results from those machines "is entitled to a conclusive presumption that egregious government misconduct occurred."  Commonwealth v. Hallinan, 491 Mass. 730, 748 (2023).  Because her 2016 OUI fell into that category, the defendant, represented by new counsel, filed a second motion to withdraw her plea, arguing that had she known that the test results from the Alcotest 9510 were inadmissible, she would not have admitted to sufficient facts.  In support of her motion, the defendant submitted her own affidavit, averring that on the morning of her

_____

[1] As a first-time offender, the defendant could, on entering a driver alcohol education program, apply for a limited license for hardship purposes.  See G. L. c. 90, § 24D, 4th par.

2

arraignment her plea counsel provided her with a worksheet titled "BREATH TEST - ALCOTEST 9510" that he filled out.  The defendant averred that her plea counsel "told me that the Breath test from the ALCOTEST 9510 would be admissible at trial" and "[a]t no time did my attorney even mention the possibility of challenging the ALCOTEST 9510 results."  In contrast, the worksheet noted that the police report failed to document which officer observed the defendant for fifteen minutes before the test to ensure that she did not put anything in her mouth during that time, and as a result of that failure, "if you ultimately decide to go to Trial, we MAY be able to have the breath test excluded."  The defendant did not support her motion with any affidavit of her plea counsel, nor did she provide any explanation for not having submitted one.

The same judge who had presided over the defendant's admission to sufficient facts in 2016 and denied her first motion to withdraw that admission in 2019 considered the motion. The defendant did not provide the judge with a transcript of the plea hearing, but her counsel told the judge that he had

"listened to" the recording.[2]  The judge asked the clerk for the "police report" and the "green sheet."[3]

The judge denied the defendant's motion in a memorandum of decision which outlined facts as set forth in the police report supporting the application for the criminal complaint, including the following.  At about 9:22 P.M. on April 2, 2016, a Salisbury police officer saw a vehicle driving without headlights and then stopping at a red light while straddling lanes.  When the officer stopped the vehicle, the defendant was the driver and had a moderate odor of alcohol, red and glassy eyes, and slurred speech.  The defendant first denied that she had had anything alcoholic to drink, then admitted she had "like one glass of wine."  The defendant attempted five field sobriety tests.[4]  On the walk-and-turn test, the defendant never walked heel to toe,

---

[2] Nor has the defendant included a transcript of the plea hearing in the record appendix.  As the moving party in the District Court and the appellant on appeal, it was her obligation to do so.  See Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).

[3] The "green sheet" is the tender of plea or admission and waiver of rights form that the defendant would have signed when she made her admission to sufficient facts.  See Commonwealth v. Lastowski, 478 Mass. 572, 576 n.4 (2018).  The defendant did not include a copy of the green sheet in the record appendix.

[4] The judge found that the defendant "failed" the horizontal gaze nystagmus test, noting that the result of that test was "typically not admitted into evidence" but corroborated the officer's observations.  Such test results are admissible if supported by expert testimony.  See Commonwealth v. Sands, 424 Mass. 184, 188 (1997).

4

kept her arms outstretched for balance, swayed throughout the test, and stopped at the turn and asked, "What do I do now?" On the one-legged stand, the defendant kept her arms outstretched, swayed at the hips throughout, put her foot down three times, and near the end of the test bent her knee. On both the counting backwards test and the alphabet test, the defendant performed satisfactorily. The defendant then took a breathalyzer test on a portable device (PBT),[5] which read her blood alcohol at .123. At the police station, the defendant took another breathalyzer test, this time on an Alcotest 9510 machine, which provided two readings, five minutes apart, of .105 and .104. The defendant then admitted that she had had two glasses of wine that evening.

Discussion. A motion to withdraw an admission to sufficient facts is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Hallinan, 491 Mass. at 744. A judge may grant a motion for a new trial at any time if it appears that justice may not have been done. Id. We review a judge's denial of a motion for a new trial for abuse of discretion or significant error of law. Id. Particular deference is given to the rulings of a motion judge where, as here, the motion judge served as the plea judge

_____

[5] That device was not an Alcotest 9510.

in the same case.  See Commonwealth v. Sylvester, 476 Mass. 1, 6 (2016).

The defendant argues that in denying her motion to withdraw her admission to sufficient facts, the judge committed errors of law and abused his discretion by misapplying the holding of Hallinan.  The defendant also contends that the judge improperly took judicial notice of plea counsel's involvement in Alcotest 9510 litigation; and, in weighing the strength of the evidence, improperly included the breathalyzer test results and the defendant's admission to sufficient facts.  We consider each argument in turn.

1.  Application of Hallinan factors.  The defendant argues that the judge committed errors of law and abused his discretion in ruling that the defendant had not shown that she would not have admitted to sufficient facts had she known that the results from the Alcotest 9510 would be inadmissible.

In Hallinan, 491 Mass. at 750, the Supreme Judicial Court held that in applying the conclusive presumption of egregious government misconduct in a case involving improper Alcotest 9510 breath test results, a defendant seeking to vacate a guilty plea is required only to show that there was a "reasonable probability" that she would not have admitted to sufficient facts had she known that the test results would have been inadmissible.  To determine whether such a reasonable

probability exists, a court examines the totality of the circumstances, including the following factors:

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

Id., quoting Commonwealth v. Scott, 467 Mass. 346, 355-356 (2014).

As to the first factor, the judge found that "[e]ven without the [Alcotest 9510] result," the evidence of the defendant's impairment by alcohol was "strong," and included her driving without headlights, straddling lanes, slurring her speech, having glassy and bloodshot eyes, and failing three field sobriety tests. The judge had also remarked on, and could consider, the defendant's having lied twice to police: first she had denied drinking at all, then just before the field sobriety tests she admitted to one glass of wine, then after her arrest she admitted to two. Contrary to the defendant's argument, the judge was well within his discretion in finding that the evidence against her was "strong." And to the extent that the defendant finds fault with the judge for having engaged in only a "conclusory" analysis of the evidence adduced at the

7

plea hearing, we cannot agree, because the defendant had available a recording of the plea hearing but failed to provide the judge or this court with a transcript of it.  See note 2 supra.

As to the second factor, the judge found that had the case gone to trial, the Alcotest 9510 results would have been impeached by the evidence of government misconduct, but because the test result was .10, that impeachment would not have been "outcome determinative" because the "crux" of this case was the arresting officer's observations.  Contrast Hallinan, 491 Mass. at 750-751 (Alcotest 9510 result of .23 was "crown jewel" of prosecution's case, where police did not observe impaired driving).

As to the third Hallinan factor, the judge found that at the time of the defendant's admission to sufficient facts in April 2016, she "knew or should have known" that the Alcotest 9510 tests were being challenged.  Based on the worksheet captioned "BREATH TEST - ALCOTEST 9510" that plea counsel provided to the defendant on the morning of her plea, the judge found that "[c]learly the defendant was put on notice that the [Alcotest 9510 results] could be excluded."  The judge found that the defendant's affidavit averring that plea counsel told her that the test results would be admissible was not credible. We discern no abuse of his discretion.  The judge was not

8

required to credit the defendant's self-serving affidavit.  See Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 178 (2018).

Fourth, the judge concluded that the problems with the Alcotest 9510 would not have influenced plea counsel's recommendation as to whether the defendant should admit to sufficient facts.  In drawing that conclusion, the judge noted that resolution of the case by a continuance without a finding enabled the defendant to avoid a conviction that would appear permanently on her criminal record.  The judge also considered it "[s]ignificant[]" that the defendant did not offer an affidavit from plea counsel in support of her motion.  Cf. Commonwealth v. Goodreau, 442 Mass. 341, 353 (2004) (judge who was not trial judge properly denied motion for new trial without evidentiary hearing, where trial counsel's affidavit was "conspicuously silent" on "crucial point").

As to the final Hallinan factor, the judge concluded that the benefits to the defendant from entering an admission to sufficient facts outweighed the value of the evidence of misconduct.  In particular, the judge noted that based on her Alcotest 9510 result of .10, the defendant's driver's license was administratively suspended for thirty days pursuant to G. L. c. 90, § 24 (1) (f) (2), but because she was a first-time offender, if she resolved the case quickly she would be eligible for a hardship license under G. L. c. 90, § 24D, before that

9

thirty days elapsed.  The judge also noted that resolving the case at arraignment reduced the defendant's legal fees and time away from work.[6]

We discern no abuse of discretion in the judge's conclusion, based on his application of the Hallinan factors, that the defendant had not shown a reasonable probability that she would not have admitted to sufficient facts had she known of the misconduct associated with the Alcotest 9510.

2.  Judge's references to extraneous information.  The defendant argues that in denying her motion to vacate her admission to sufficient facts, the judge improperly considered extraneous information.  She contends that the judge improperly took judicial notice that at the time of the plea, plea counsel was involved in the consolidated cases challenging the reliability of the Alcotest 9510 device, see Commonwealth vs. Ananias, Dist. Ct., No. 1248CR1075 (Ananias litigation), and in analyzing whether justice was done the judge improperly

---

[6] The judge observed that resolving an OUI case at arraignment rather than going to trial significantly reduces legal costs.  Although the observation is supported by common sense, it would have been better not to rely on it, absent evidence of the defendant's own fee arrangement at the time of her plea.  But, contrary to the defendant's assertion, nowhere did the judge suggest that "legal costs alone would be the driving force in a defendant's decision making," and we decline to disturb the judge's balancing of the many other factors properly in play.

considered the Alcotest 9510 results and the defendant's admission to sufficient facts.

a. Plea counsel's involvement in Ananias litigation. After noting that the defendant had not offered an affidavit from plea counsel to support her motion, the judge found:

> "[P]lea counsel specializes in OUI cases and appears frequently in this court. He is extremely familiar with this type of case as well as the strengths and weaknesses of cases involving BT's. In fact, he was one of the six attorneys involved in the An[a]nias litigation. He more than anyone would have known about the BT issues."

The judge noted that in a May 2019 affidavit in support of her first motion to withdraw her plea, the defendant averred, "Upon information and belief, my [plea counsel] was not aware of any potential issues with the breath test or BAC result at the time I tendered my plea." Discrediting that affidavit, the judge found: "Nothing could be further from the truth. [Plea counsel] knew these issues inside and out from his time as one of the [six] litigators on the Ananias litigation."

Contrary to the defendant's brief, we do not read the judge's findings to mean that the judge relied on plea counsel's expertise to find that plea counsel "must have informed [the defendant] about the [Alcotest 9510] issue." Rather, we conclude that, to the extent that the judge considered plea counsel's expertise in OUI cases, the judge did so in finding not credible the defendant's own self-serving affidavits, which

11

were also contradicted by the "BREATH TEST - ALCOTEST 9510" worksheet and the lack of an affidavit from plea counsel. See Commonwealth v. Lys, 481 Mass. 1, 6 (2018) (judge may infer that absence of affidavit from prior counsel "makes the statements in the defendant's affidavit less likely to be true").

b. References to test results and defendant's admission to sufficient facts. The defendant argues that in analyzing whether justice was done, the judge assessed the strength of the evidence by improperly considering the Alcotest 9510 results and the defendant's admission to sufficient facts. The judge found as follows:

> "[T]he Commonwealth's case against the defendant is particularly strong without the breath test result. The erratic driving, observations of the officer(s), performance on the FSTs, the PBT and the BT all support a just result. The court asked the defendant at the plea hearing if [s]he admitted to being under the influence of alcohol and she acknowledged she was." (Emphases added.)

Though it would have been better had the judge omitted from his recitation of the strength of the Commonwealth's case any reference to the Alcotest 9510 result or the defendant's admission to sufficient facts,[7] the judge's memorandum repeatedly makes clear, including in the first sentence quoted above, that he considered the evidence against the defendant to be

---

[7] The defendant also argues, and the Commonwealth agrees, that the judge should not have given any weight to the PBT result, as such results are not of the type "considered valid" in OUI cases. G. L. c. 90, § 24K.

12

"particularly strong without the breath test result."  For the most part, when the judge referred to the Alcotest 9510 result and the defendant's admission to sufficient facts, he did so in the context of applying the Hallinan factors, as discussed above.

Conclusion.  We discern no abuse of the judge's discretion in his conclusion that the defendant did not show a reasonable probability that she would not have admitted to sufficient facts had she known that the Alcotest 9510 results would have been inadmissible.

> Order dated October 6, 2023, denying motion to withdraw plea, affirmed.
>
> By the Court (Sacks, Englander & Grant, JJ.[8]),
>
> Clerk

Entered:  December 13, 2024.

---

[8] The panelists are listed in order of seniority.

13